CASE 76—INDICTMENT FOR OBTAINING PROPERTY UNDER FALSE PRETENSES—OCTOBER 27.

# Bryant v. Commonwealth.

APPEAL FROM BREATHITT CIRCUIT COURT.

INDICTMENT—OBTAINING PROPERTY UNDER FALSE PRETENSES—SUFFICIENCY.—An indictment for obtaining money and property under false pretenses is fatally defective unless it state that the party defrauded believed or relied upon the representations alleged to have been made by the defendant and that he would not have parted with such money and property except for the representations so made by the defendant.

J. J. C. BACH AND R. A. HURST FOR APPELLANT.

1. The false pretenses alleged in the indictment had reference to a fact to take place in the future and therefore was not a false pretense within the meaning of the statute. Glacken v. Com., 3 Met., 232; Com. v. Haughey, same, 223,

[ 38 ]

Bryant v. Commonwealth.

2. The false representation alleged must be such as is calculated to deceive persons of ordinary prudence and discretion. Com. v. Grady, 13 Bush, 285.

3. The essence of the crime of false pretense is that the party defrauded was deceived by the false statement. The indictment failed to allege that Terry, the prosecuting witness, was deceived by the alleged false statement.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE.

It was not necessary to allege that the accused agreed to transfer the note he represented himself as owning to the prosecutor. A representation of the ownership of the note, and not the promise to transfer it, is the bone of the offense. Am. & Eng. Enc. of Law, vol. 1, division 6, 723; same, sub-division 2, citing People v. Kendall, 25 Wend., 399; Bishop's Crim. Law, vol. 2, secs. 904, 416; Wharton Criminal Law, vol. 2, sec. 1188.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted in the Breathitt Circuit Court upon an indictment charging him with the crime of obtaining money and property under false pretenses, and, his motion for a new trial having been overruled, he prosecutes this appeal. Several questions are raised which we deem unnecessary to decide, for the reason that the judgment must be reversed on account of error of the court below in overruling the demurrer to the indictment. The indictment reads as follows: "Breathitt Circuit Court. The Commonwealth of Kentucky against Kenis Bryant. Indictment. The grand jury of Breathitt county, in the name and by the authority of the Commonwealth of Kentucky, accuse Kenis Bryant of the crime of obtaining money and property under false pretenses, committed as follows: The said defendant, Kenis Bryant, on the 9th day of June, 1898, in the county and circuit aforesaid did, unlawfully, willfully, feloniously, falsely, and fraudulently, represent to Jake Terry that Dr. B. H. Oliver, of Lee county, owned him ($110) one hundred

and ten dollars on a note for purchase money on land, and that he would collect it soon; upon said representation procured from the said Terry one pair of shoes and one hat and other goods of the value of about $4. The said statement that the said Oliver owed him $110 on note was false, and known by said Bryant to be false at the time it was made, and was made for the false and fraudulent purpose of defrauding the said Terry. The said Oliver, at the time said statement was made by the defendant, did not owe the said Bryant one cent or other sum on any note, and the defendant well knew that he did not—contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky." It will be observed from the reading of the indictment that it nowhere alleges that Terry, the complaining witness, believed or relied upon the representations alleged to have been made by the appellant, nor that he would not have parted with the goods except for the representations so made by appellant. It appears from this record that appellant purchased $3.90 worth of goods from Terry, and he paid $2 of it within the time in which he agreed to pay the same, but that $1.90 remained unpaid at the time of the finding of the indictment. But it is not necessary to consider or discuss the evidence introduced, because the indictment was fatally defective in failing to clearly and specifically allege that the party who parted with his goods or gave the credit relied upon the representations, and but for said statements would not have extended credit or parted with his goods, or similar allegations. The judgment of the court below is therefore reversed, and cause remanded, with directions to the court below to sustain the demurrer to the indictment, and for proceedings consistent herewith.