## Vanover v. Commonwealth.

((Decided May 23, 1924.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Conviction on Conflicting Evidence Not Disturbed.— Verdict cannot be disturbed where based on conflicting evidence submitted to a properly instructed jury.

2. Homicide—Conviction of Manslaughter Supported by Evidence.— Verdict of voluntary manslaughter held supported by evidence.

3. Criminal Law—Remarks of Counsel Not Shown in Bill of Exceptions Not Considered.—Remarks of counsel set out in motion for new trial, but not shown in bill of exceptions, cannot be considered on appeal.

R. MONROE FIELDS and A. J. KIRK for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellant, indicted for murder, was found guilty of voluntary manslaughter and sentenced to four years' confinement in the penitentiary.

In February, 1922, appellant was at his home, going over the invoice of a stock of goods he had sold when Nelson Mullins entered the room and asked appellant

out into the yard. They went to a point behind the kitchen, and after a few moments of talk the deceased became enraged, so appellant claims, and ran at him with a knife. Appellant claims to have retreated until he got to his door, over which his Winchester rifle was resting in a rack. He seized it and fired five shots into the body of Mullins, as a result of which he died.

The Commonwealth introduced evidence that at the time of the shooting deceased was thirty feet from this door, was backing away from appellant, and was saying, "Just a minute, just a minute," when appellant shot him. As the evidence was conflicting, and it was submitted to a properly instructed jury, we will not disturb its verdict. Jones v. Commonwealth, 158 Ky. 533; May v. Commonwealth, 164 Ky. 109.

The appellant, in his brief, complains of alleged misconduct of the attorney for the Commonwealth, and sets out in his motion for a new trial several remarks made by the attorney for the Commonwealth in his closing argument. He has not, however, shown this in his bill of exceptions, hence it cannot be considered on appeal. Louisville Ry. Co. v. Gaar, 112 S. W. 1130; Stagg v. Brightwell, 92 S. W. 8; Bannon v. Louisville Trust Company, 150 S. W. 510, 150 Ky. 401; North Jellico Coal Co. v. Stewart, 173 Ky. 745.

After careful examination of the record we are unable to say the appellant has not had a fair trial, therefore, the judgment is affirmed.