1. **False Pretenses—Indictment Sufficient if Charging Reliance on Truth of Statements and Inducement to Part with His Property.—** Indictment for obtaining money under false pretenses is sufficient in view of Criminal Code of Practice, sections 122, 136, and 137, if it charges, either in terms or in substance, that person defrauded relied upon truth of the false statements and was induced thereby to part with his money or property.

2. **False Pretenses—Indictment Held Not Subject to Objection that it Failed to Allege that Complainant Relied Upon Alleged False Representations of Accused.—**Indictment for obtaining money under false pretenses held not subject to objection that it failed to allege that complainant relied upon alleged false representations of the accused, and would not have parted with his money but for such representations, where, after setting out the representations made and their falsity, it alleged that complainant,

"thereby believing said false pretenses, . . . did then and there give said defendant his personal check," and that defendant cashed check and received money thereon.

3. Criminal Law—Testimony as to How Complainant Procured Money Defendant Obtained from Him Held Not Prejudicial, though Incompetent.—In prosecution for obtaining money under false pretenses, testimony of complainant stating how he procured money defendant obtained from him, though incompetent because immaterial, was not prejudicial.

4. Criminal Law—Testimony, though Incompetent, Held Not Prejudicial, where Same Facts Established by Circumstances Proven Without Objection.—In prosecution for obtaining money under false pretenses, testimony of cashier as to falsity of representations made by defendant, though hearsay and incompetent, held not prejudicial, where their falsity was established by circumstances proven without objection or denial.

5. Criminal Law—Article Appearing in Paper Held Properly Excluded.—In prosecution for obtaining money under false pretenses, article appearing in paper conducted by student body of school with which complainant was connected as trustee and financial agent, in part contradicting his evidence, offered by defendant upon cross-examination of complainant, held properly excluded.

6. False Pretenses—Motion for Directed Acquittal Held Properly Overruled, where Falsity of Representations was Established by Circumstantial Evidence.—Motion for directed acquittal, in prosecution for obtaining money under false pretenses, on ground that there was no proof that alleged representations were false, held properly overruled, where their falsity was established by circumstantial evidence.

7. Criminal Law—Objection to Statement of Prosecuting Attorney Not Considered, where Statement Does Not Appear in Bill of Exceptions or Otherwise than in Motion and Grounds for New Trial. —Objection to statement of prosecuting attorney in closing argument will not be considered on appeal, where alleged improper argument does not appear in bill of exceptions or otherwise than in motion and grounds for new trial.

AUSTIN FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant was convicted of obtaining money under false pretenses and sentenced to four years' confinement in the penitentiary.

The first complaint is that the court erred in overruling his demurrer to the indictment. The only criticism of the indictment is that it fails to allege that the complainant, R. B. Neal, relied upon the alleged false representations of the accused and would not have parted with his money but for such representations.

It is true that the indictment nowhere contains this precise language, and it is also true that this court in Bryant v. Commonwealth, 104 Ky. 593, 47 S. W. 578, said that such an indictment was fatally defective ''in failing to clearly and specifically allege that the party who parted with his goods or gave the credit relied upon the representation and but for said statements would not have extended credit or parted with his goods, or similar allegations.'' But even this statement of the rule shows clearly by its use of ''or similar allegations'' that the indictment would be sufficient if it charged either in terms or in substance that the person defrauded relied upon the truth of the false statements and was induced thereby to part with his money or property. It was so construed in Smith v. Commonwealth, 141 Ky. 534, 133 S. W. 228, and there said: ''Nor is it a matter of first importance what particular words are used to show that the person defrauded relied upon the truth of the false statements and was induced thereby to part with his money. Any words that express the idea or from which it can be clearly inferred will be sufficient.'' Indeed such a consideration of the language of an indictment is specifically enjoined by sections 122, 136 and 137 of the Criminal Code.

Thus considered we are clearly of the opinion that the court did not err in overruling the demurrer to the indictment although it does not expressly state that Neal relied upon the alleged false representations and but therefor would not have parted with his money, since such is the clear import of the language employed. After setting out the representations made to Neal and their falsity the indictment alleges ''that said R. B. Neal, thereby believing said false pretenses, . . . did then and there give said defendant his personal check,'' and that the defendant cashed same and received $104.00 thereon.

The next ground for reversal is alleged errors in the admission and rejection of evidence. While much

incompetent evidence was introduced and appellant frequently objected, his objections were overruled and exceptions reserved in only two instances.

The first of these was an objection to a statement, volunteered by Neal in the course of his detailed account of the affair, as to how he procured the money defendant obtained from him. This statement was incompetent because immaterial, and for the same reason we do not think it could have been prejudicial.

The other of these objections is more substantial, since the evidence related to the alleged falsity of the representations made by defendant, a material element of the crime charged that had to be proved before he could be convicted. It consisted of a statement of the cashier of the bank upon which the check was drawn that certain parties in Huntington, West Virginia, had not purchased or paid for a piano as he had represented to Neal to induce him to part with the $104.00 involved. That this was hearsay and incompetent is clear; and although it was the only statement by any witness that defendant's representations were false, we are equally clear its admission was not prejudicial, for the reason that their falsity was fully established by circumstances proven without objection and not denied or contradicted in any way.

The complaint that the court erred in refusing to permit defendant upon the cross-examination of Neal to introduce an article that appeared in a paper conducted by the student body of a school with which Neal was connected as trustee and financial agent, and which contradicted Neal's evidence in part is so clearly without merit as not to necessitate discussion.

There should not, therefore, be a reversal because of the admission or rejection of evidence.

Defendant did not testify or introduce evidence in his own behalf but stood upon his motion for a directed acquittal and now complains that the court erred in overruling this motion upon the ground that there was no proof that the alleged representations were false. But the fact already stated and amply sustained by the record that their falsity was established by circumstantial evidence also renders this conclusion untenable.

The final complaint is of the alleged improper statements of the prosecuting attorney in the closing argu-

ment to the jury. This question, however, is not here because the alleged improper argument does not appear in the bill of exceptions or otherwise than in the motion and grounds for a new trial. Cooley v. Commonwealth, 185 Ky. 142, 214 S. W. 898; Fannin v. Commonwealth, 200 Ky. 635, 255 S. W. 514; Vanover v. Commonwealth, 203 Ky. 362, 262 S. W. 282; Bradley v. Commonwealth, 204 Ky. 635, 265 S. W. 291.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.