## Binion v Commonwealth.

(Decided April 20, 1926.)

### Appeal from Carter Circuit Court.

1. Homicide—Testimony as to Prosecuting Witness's Statement that he was Going to. Tear up Church, and that no Officer would Arrest Him, Held Properly Rejected as Irrelevant in Prosecution for Maliciously Shooting Another with Intent to Kill (Kentucky Statutes, Section 1166).—In prosecution, under Kentucky Statutes, section 1166, for crime of maliciously shooting and wounding another with intention to kill, testimony as to statement by prosecuting witness that he was going to tear up church, and no officer would arrest him, held properly rejected as irrelevant.

2. Criminal Law—Error of Prosecuting Counsel in Referring to Accused's Family in Argument Cannot be Taken Advantage of, where Appellant Failed to Incorporate Statement in Bill of Exceptions.—In a prosecution for maliciously shooting another with intention to kill, prosecuting attorney's error in going outside the record in his argument in referring to defendant's family as meanest men on earth cannot be taken advantage of, where defendant failed to incorporate statement in bill of exceptions.

WAUGH & HOWERTON and BEN F. THOMPSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Binion, shot and wounded Levi Gearhart, in Grayson county in 1923. He was indicted under section 1166, Kentucky Statutes, for the crime of maliciously shooting and wounding another with intention to kill, and a trial resulted in his conviction, his punishment being fixed at two years in the state penitentiary. To reverse that judgment he prosecutes this appeal. He relies upon two alleged errors (a) refusal of the trial court to admit competent evidence in appellant's behalf, and (b) improper argument and misconduct of the attorney

for the Commonwealth. Counsel for appellant admits that the instructions given by the court to the jury presented the law of the case, but insists that there was no evidence to support the verdict finding appellant guilty of a felony, but says: ''We concede that the jury was authorized under the evidence to believe this man guilty of an offense, but we cannot conceive how, under the circumstances, they could find him guilty under instruction No. 1, and fix his punishment at two years in the penitentiary for shooting and wounding Levi Gearhart with malice aforethought.'' Appellant called James Jacobs as a witness to prove that about an hour before the shooting he (Jacobs) had a conversation with Levi Gearhart, the prosecuting witness, in which Gearhart said that he ''was going up there (to the church) and tear up the church, and no God damned officer should arrest him, and he slapped his mule on the side with his hand and gave two or three whoops, and rode on to where they were having church.'' The shooting took place near a country church where services were being held on the outside, a large crowd being present. The witness testified that Gearhart in the conversation referred to did not mention the name of any person but only said he was going up to the church and tear up the church. Appellant's name was not mentioned in the conversation, and it is in evidence that appellant did not know the prosecuting witness, Gearhart, before the shooting, nor did Gearhart know appellant. We cannot see the relevancy of the evidence offered by the witness, Jacobs. Gearhart did not threaten to do any violence to appellant nor to any other person. He was almost completely under the influence of intoxicating liquors and may have intended no more than to so interrupt the religious services as to break up the meeting without doing harm to anyone. The court did not err in rejecting this testimony.

Appellant's second contention is that the court erred in failing to sustain his motion to discharge the jury and to continue the case because of improper argument made by the attorney for the Commonwealth in closing the case. In his motion and grounds for a new trial appellant says that the attorney for the Commonwealth used the following language:

''This man is a Binion, and you heard Waugh argue in a case before a jury in this court a few days ago that the Binions were the meanest men on earth,

and not worthy of anything, and his client is one of them Binions, but he is defending him now, and he makes a long argument that he is a good citizen. Look how he has changed his mind since he argued that case the other day.''

Mr. Waugh, who appeared for appellant in the trial of the case, had just concluded his argument. A few days before he had argued in a criminal case in which some of the members of the Binion family were defendants and had asserted, as it appears from the record, ''that the Binions were the meanest men on earth and not worthy of anything.'' In making this statement, if it were made, counsel in the instant case went outside of the record. Such a statement could have had no place in the argument of the case. However, appellant failed to incorporate it in his bill of exceptions, and is not now in position to take advantage of the error. In the case of Vanover v. Commonwealth, 203 Ky. 362, it was said:

> ''Appellant in his brief complains of alleged misconduct of the attorney for the Commonwealth, and sets out in his motion for a new trial several remarks made by the attorney for the Commonwealth in his closing argument. He has not, however, shown this in his bill of exceptions, hence it cannot be considered on appeal. Louisville Ry. Co. v. Gaar, 112 S. W. 1130; Stagg v. Brightwell, 92 S. W. 8; Bannon v. Louisville Trust Company, 150 Ky. 401, 150 S. W. 510; North Jellico Coal Co. v. Stewart, 173 Ky. 745.''

To the same effect is Cox v. Commonwealth, 209 Ky. 787, and Rivers v. Commonwealth, 212 Ky. 329.

There appearing no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.