## Hoskins v. Commonwealth.

(Decided November 9, 1926.)

Appeal from Harlan Circuit Court.

1. Criminal Law.—As affecting right to continuance for absent witness, it was immaterial that defendant had not sent sheriff fees for executing subpoena, as Kentucky Statutes, section 1727, not requiring sheriff to execute process unless fees are paid, does not relate to criminal cases, in view of Constitution, section 11.

2. Witnesses.—"Compulsory process" means right to have subpoena served, as well as issued (Constitution, section 11).

3. Criminal Law.—Where court had ruled that defendant was not entitled to read affidavit of what absent witness would testify to, defendant was not required to offer affidavit in evidence in order to object ao overruling motion for continuance.

4. Criminal Law—Where Defendant Issued Subpoenas on Same Day that Trial was Set for Week Later, and His Witnesses were Not Present at Trial, and Court Refused Continuance, he was Entitled to New Trial.—Where defendant in rape prosecution issued subpoenas on same day that trial was set for week later and delivered one subpoena to sheriff's deputy and mailed other subpoena to sheriff in another county, and witnesses did not appear at trial, and court refused continuance, defendant had exercised ordinary diligence to secure witnesses, and was entitled to new trial.

CHAS. B. SPICER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

George Hoskins was indicted in the Harlan circuit court for the crime of rape upon Rebecca Gaines. On the trial of the case he was found guilty and his punishment fixed at twenty years' imprisonment. He appeals.

The indictment was returned on November 24, 1925. On December 1, the case was set for hearing on December 8. On that day the defendant entered a motion and filed his affidavit for continuance. The court heard the evidence orally on the question of diligence. The defendant showed, by his attorney, that on the day the case was set for trial at that term, he took out two subpoenas: one to Harlan county and one to Bell; that he delivered the Harlan county subpoena to the sheriff's deputy in his office, telling her the witnesses lived about Wallings creek and to have it served on all the witnesses named. The other subpoena he mailed on the same day to the sheriff of Bell county and wrote him a letter telling him that the witnesses were close to the line. On cross-examination he said that he did not send any fees to the sheriff of Bell county and did not send the letter by registered mail, and that the subpoenas had not been returned. The commonwealth introduced several witnesses whose testimony tended to show that some of the witnesses named in the

subpoena issued to Harlan county, lived over the line in Virginia, but they lived near the line and worked in Kentucky a large part of the time. The commonwealth also introduced the deputy sheriff, who said that she did not remember receiving the subpoena issued to Harlan county, and the deputy who should have executed it in ordinary course said he had not received it. The affidavit of the defendant showed that the subpoenas had been issued and placed in the hands of the sheriff of Harlan county for execution and mailed to the sheriff of Bell county, and that if given a reasonable time he could secure the attendance of the witnesses, by three of whom he could prove that the prosecutrix told them that she didn't know who the person was who committed the offense against her person; that it occurred in the night time and she was unable to identify her assailant. He also showed that he could prove by a number of other witnesses that he was in Bell county at the time charged and not within twenty miles of the place where the offense was committed; that these facts were true; that the witnesses were absent without his consent or procurement and his motion was entered not for delay but that justice might be done him on the trial.

On the hearing of the evidence on both sides the court ruled as follows:

> "I don't think under this showing they are entitled to read this affidavit. This man could have had the process of the court at all times. You had all last week to see whether returns on your subpoena were properly made, whether the subpoena was executed or not. I don't think you have shown proper diligence. Defendant excepts."

There is no question as to the materiality of the evidence. If these witnesses had been present and had testified as stated in the affidavit, it might have had a controlling effect upon the verdict of the jury. The subpoenas had been issued a week before; they were issued as soon as the case was set for trial; it was the appearance term of the case; no subpoenas could have been issued before they were issued, and ordinary diligence did not require the issual of a second subpoena within a week. The attorney had been to the clerk's office to see if his subpoenas had been returned, but he was not required to take out a second subpoena before the return day of the

subpoenas that had been issued, unless he had some information requiring this, which does not appear.

The objection that he did not send the sheriff of Bell county the amount of his fee for executing the subpoena is based upon section 1727, Kentucky Statutes, which reads as follows:

> "A sheriff shall not be required to execute any writ, process or summons in a civil case sent to him from another county unless it is accompanied by the fee allowed for executing the same. If the writ, summons or process is not executed, the sheriff shall return the fee."

It will be observed that this statute only applies to civil cases. It has no application to criminal cases. By section 11 of the Constitution in all criminal prosecutions the accused has the right "to have compulsory process for obtaining witnesses in his favor." Compulsory process means not only the right to have a subpoena issued, but also the right to have the subpoena served. Powers v. Commonwealth, 114 Ky. 272; Green v. Ballard, 174 Ky. 817.

> "Compulsory process for obtaining witnesses means the right to invoke the aid of the law to compel the personal attendance of witnesses at the trial, when they are within the jurisdiction of the court." Graham v. State, 50 Ark. 165.

> "The defendant is allowed a reasonable time for making process effectual; otherwise his constitutional right would be of little value to him." 8 R. C. L. 81. To same effect see 9 Cyc. 183.

If any of the witnesses are beyond the jurisdiction of the court the defendant may take their deposition as provided in section 153 of the Criminal Code.

It is insisted for the Commonwealth that appellant cannot complain of the overruling of his motion for continuance, because he did not offer to read the affidavit as the deposition of the witnesses on the trial. In McKinzie v. Commonwealth, 193 Ky. 781, where the defendant's motion for a continuance was overruled, and the record failed to show whether the Commonwealth attorney had agreed that his affidavit might be read as the deposition of the absent witness, it was held that if he desired to avail himself of this privilege he waived it by failing to offer to introduce his affidavit as the evidence of the wit-

ness. That case was followed in Adams v. Common-
wealth, 212 Ky. 334, where the facts were the same. But
in neither of those cases did it appear, as it appears here,
that the court had expressly ruled that under the show-
ing made the defendant was not entitled to read the affi-
davit. This was the question on which the court heard
evidence, and when the court made this ruling under the
evidence it was unnecessary that the defendant to pre-
serve his rights should offer in evidence the affidavit
which the court had already held he could not read.

In view of the fact that the testimony of the woman
as to the offense is very unsatisfactory and the fact that
the defendant was forced into trial at the term at which
the indictment was returned without the presence of any
of his witnesses, the court concludes that a new trial
should be granted. The parties are both negroes and
first cousins.

Judgment reversed and cause remanded for a new
trial.