## Goins v. Commonwealth.

(Decided February 21, 1928.)

### Appeal from Whitley Circuit Court.

1. Homicide.—In prosecution for murder in which accused set up defense that he shot deceased in self-defense, evidence held to sustain verdict finding accused guilty of manslaughter.

2. Criminal Law.—In absence of bill of exceptions showing objection or court's ruling on such objection, alleged misconduct of commonwealth's attorney in arguing to jury cannot be reviewed on appeal, under Criminal Code of Practice, sec. 282.

3. Homicide.—Instruction to acquit, even though jury might believe from the evidence that accused shot and killed deceased, if they believe from the evidence that, when he did so, he believed on reasonable grounds that he, or his father or mother, or any one or more of them, were in immediate danger of death or great bodily harm at hands of deceased, and that it was necessary, or was reasonably believed by him to be necessary, to kill deceased to avert danger, real or apparent, held more favorable to accused than law authorizes as authorizing acquittal if danger was apparent to his father or mother.

4. Homicide.—One may kill another in self-defense if he is in real danger, or if it appears to him, in exercise of reasonable judgment, that he is in danger of death or great bodily harm at hands' of his adversary, but he may not act on the situation as it appears to another.

5. Homicide.—Where instruction clearly advised jury that accused had right to kill deceased, if he then believed, and had reasonable grounds to believe, that he, his father, or mother, were in immediate danger of death or great bodily harm, held, that addition of words relating to defense of his father and mother, which apparently made instruction confusing, did not take away any of accused's rights, but was surplusage, and harmless, since testimony related solely to danger in which accused believed himself to be in.

6. Criminal Law.—Judgment of conviction in criminal case must be affirmed on appeal, where verdict is sustained by the evidence, and trial was free of prejudicial error.

J. B. JOHNSON and R. L. POPE for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

The appellant, Granville Goins, when tried by a jury in the Whitley circuit court under an indictment which charged him with the crime of murder, was found guilty of manslaughter, and his punishment fixed at confinement in the penitentiary for 15 years. Judgment was entered sentencing him to pay that penalty; and this appeal is prosecuted therefrom.

It is insisted for appellant that the verdict of the jury is flagrantly against the evidence. This contention is founded largely upon the fact that four of the five eye-

witnesses testified for the defendant. The testimony of the witness for the commonwealth tends to establish that the homicide was murder, while that of the other four eyewitnesses tended to establish that it was excusable upon the grounds of self-defense and apparent necessity. The record affords evidence of a great many facts and circumstances testified to by witnesses other than those who were present when the homicide occurred which must be taken into account in connection with the evidence of the eyewitnesses to reach a conclusion as to whether the homicide was criminal or innocent.

The appellant introduced evidence tending to establish that George Lee, who was killed, was drinking or drunk at the time, and that his reputation for peace and good order when drinking was bad, and that appellant knew this fact. Appellant himself testified to facts tending to establish malice upon the part of deceased toward him. The former had accused the latter of reporting his violations of the prohibition laws. It was also shown that deceased had threatened appellant. Hence it is argued that appellant could reasonably conclude from a slight demonstration that deceased was about to inflict great injury or death upon him. He and his witnesses testified that deceased first pushed appellant's mother back across the bed; then turned toward his father, threatening to strike him. Appellant said to him, "George, don't do that." Deceased then turned toward appellant, and, with an oath and a threat to kill him, advanced directly toward him, and ran his hand under the bib of his overalls as if to draw a gun. Appellant said, "Stop," but deceased continued to advance. Appellant then, believing that he was in imminent danger of suffering death or great bodily harm at the hands of George Lee, drew his pistol, and fired five or six shots as rapidly as possible. Three shots took effect, and resulted in Lee's immediate death. The eyewitnesses who testified for appellant and corroborate his version of the tragedy were his father, two of his brothers, and a friend, then a visitor in the home. The witness who testified for the commonwealth was a cousin of George Lee, who was killed.

It seems somewhat strange that a man, with the reputation for violence possessed by George Lee, as testified to by witnesses for appellant, while inflamed by whisky, and urged by the desire and will to kill appellant, and

who actually undertook to put the threat into execution by starting to draw his pistol, could be so slow in carrying out that purpose that he was never able even to draw his pistol before his adversary, who did not begin to act until after being so placed in danger, had drawn his pistol and had killed him. The evidence from a number of witnesses who told the position of George Lee's body after the tragedy was all to the effect that he was lying face down, with his hands under his body, but out from under his clothing; and that the pistol with which he was armed was fully loaded, showing that it had not been fired, and was incased in its scabbard, showing that it had not been drawn. The evidence from all of the witnesses who testified on the subject discloses that deceased was struck by one of the bullets in his side, and by two of them directly in his back. The place where the bullets which killed deceased entered his body, as shown by the uncontradicted testimony, is sufficient to set at naught the testimony of appellant and all of the witnesses who testified for him who were present when the tragedy occurred, to the effect that appellant killed deceased at a time when the latter was advancing directly toward him, and was threatening to kill him, and was making a demonstration to draw his pistol with which to do so.

The evidence establishes that the parties to this tragedy were all under the influence of whisky, and that some of them at least were drunk, and it is wholly immaterial whether appellant or his relatives, who were present, or deceased, or his cousin, the witness for the commonwealth, furnished the whisky. It is agreed that all of them were drinking together during the considerable period of time they were in the presence of each other before the killing occurred. The jury seems to have reached the conclusion that it was merely a drunken spree, during the course of which a difficulty arose between George Lee and appellant, Granville Goins, which so inflamed the latter that he shot and killed the former at a time when it was not necessary, and when nothing in the circumstances existing made it appear to him to be reasonably necessary to do so in order to defend himself from danger at the hands of Lee. This court's view of the evidence leads to the conclusion that the jury properly appraised the situation and concluded that the homicide was committed under such circumstances as to

reduce the crime to manslaughter. It cannot be said that the verdict is flagrantly against the evidence.

Appellant complains that the attorney for the commonwealth was guilty of misconduct in his argument to the jury. A careful investigation of the record discloses that it does not appear from the bill of exceptions that any objection was made to any portion of the argument of the attorney for the commonwealth, or that the court was required to rule on the objection, or that an exception was taken to the ruling of the court. The only place in the record where any reference is found to misconduct upon the part of the attorney for the commonwealth while making the closing argument is in appellant's motion and grounds for a new trial. It has often been written that, under the provisions of section 282, of the Criminal Code, this court may reverse a judgment in a criminal prosecution for such errors as occur upon the trial only as are shown by the bill of exceptions. Hence this error, if it occurred upon the trial of appellant below, is not subject to review here, because not shown by the bill of exceptions. See Kelly v. Commonwealth, 119 S. W. 809; McCollum v. Commonwealth, 204 Ky. 183, 263 S. W. 673; Rivers v. Commonwealth, 212 Ky. 329, 279 S. W. 328, and numerous other cases cited therein.

Briefs for appellant are devoted largely to an attack upon instruction No. 5, given herein; the instruction submitting appellant's plea of self-defense. This court's consideration of that instruction, which is somewhat awkwardly worded, leads to the conclusion that it fairly, and in language the jury could not have misunderstood, directed them to acquit appellant, even though they might believe from the evidence beyond a reasonable doubt that he shot and killed George Lee, if they believed from the evidence that, at the time he did so, he believed, and had reasonable grounds to believe, that he or John Goins or Mrs. John Goins or any one or more of them were then and there in immediate danger of death or great bodily harm at the hands of Lee, and that it was necessary, or was believed by him in the exercise of a reasonable judgment to be necessary, to shoot and kill the deceased in order to avert the danger, real or to the defendant apparent. The instruction was more favorable to appellant than the law authorizes, because it also authorized the jury to acquit the defendant if at the time he shot and

killed Lee the danger to the persons named was apparent to John Goins or Mrs. John Goins.

In killing another in self-defense, one may act in case he is in real peril or danger, or in case it appears to him in the exercise of a reasonable judgment that he is in danger of death or great bodily harm at the hands of his adversary. He may not act, however, upon the situation as it appears to another. In this particular the instruction on self-defense was more favorable than the law authorizes. After having clearly and concisely advised the jury that appellant had the right to shoot and kill George Lee, if at the time he did so he believed, and had reasonable grounds to believe, that he or John Goins or Mrs. John Goins was in immediate danger of death or great bodily harm at the hands of Lee, and that it was necessary, or was believed by the defendant in the exercise of a reasonable judgment to be necessary, to shoot and kill him in order to avert the danger, real or to the defendant apparent, the court seems to have concluded that it was necessary to add another clause to make it clear that he had the right to shoot in the defense of John Goins or Mrs. John Goins, and added the words "nor in his self-defense, real or apparent, of John Goins or Mrs. John Goins," and thereby made the instruction upon casual inspection to appear to be confusing. To begin with, these words were wholly unnecessary to present any element of appellant's defense, and did not, as appellant insists, take away any of his rights. It is perfectly manifest, upon reading this clause in connection with what preceded it, that the court intended to make it plain to the jury that appellant had the right to shoot and kill Lee, not only in his own defense, but also in the defense, real or apparent, of John Goins or Mrs. John Goins. The previous portion of the instruction clearly so stated to the jury, and nothing in the quoted clause which was added, though it begins with the word "nor," could have been understood by the jury to instruct them that appellant did not have the right to shoot in defense of John Goins and Mrs. John Goins. "Nor" was inadvertently written for "or" and "his" for "the." This clause was surplusage.

Strictly speaking, appellant did not deserve an instruction authorizing his acquittal upon the ground that he shot and killed Lee in defense of John Goins or Mrs. John Goins. While he testifies that Lee had pushed Mrs.

Goins back on to the bed, and had advanced toward John Goins in a threatening manner, and threatened to strike him, neither of these transactions caused him to shoot and kill Lee. He testified that Lee afterwards advanced upon him, threatening to kill him, and made the demonstration to draw his gun to carry out the threat. He shot and killed deceased solely to avert the danger in which he then believed himself to be. Unquestionably the instruction clearly and concisely directed the jury to acquit appellant, if they believed from the evidence that he killed George Lee under those circumstances.

A careful review of the record does not disclose to this court any error to the prejudice of appellant's substantial rights which occurred upon the trial below, and our consideration of the evidence leads to the conclusion that appellant merits the punishment meted out to him by a jury of his fellow citizens. This does not appear to have been a case where the taking of human life was justified upon the ground of self-defense. The verdict is sustained by the evidence, and the trial appears to have been free of prejudicial error. This court is left with no choice in the matter in that state of case, and the judgment must be affirmed.

Judgment affirmed.