## Taylor v. Commonwealth.

(Decided October 13, 1936.)

FRANK C. GREENE for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

R. L. Taylor has been sentenced to life imprisonment for the murder of John Will McGee, and is appealing.

As ground for reversal it is first argued that the court erred in failing to administer the voir dire oath to prospective jurors before questions were propounded to them concerning their qualifications, but there is nothing concerning this matter in the bill of exceptions or elsewhere in the record, and it therefore cannot be considered on appeal.

As a second ground it is urged that the court erred in permitting A. B. Crenshaw to qualify and serve as a juror over the objection of appellant because he stated that he had formed and expressed an opinion concerning the guilt or innocence of appellant which he entertained at the time and which would require evidence to overcome. This alleged error is first referred to in the motion and grounds for new trial; and supporting affidavits and the bill of exceptions merely make reference to the motion and grounds for new trial in this connection. If it be conceded that the record is sufficient

to authorize a consideration of this alleged error, it may be said that the affidavits filed in support of motion and grounds for new trial are controverted by affidavits including one made by the juror in question to the effect that, when asked concerning his qualification as a juror, he stated that he had read of the case in the newspapers and had heard some discussion of same in the neighborhood where he lived, and that was the only information he had ever received in regard to the case; that he further stated he had formed an opinion based upon that information or rumor, and possibly it would require evidence to remove it; that he did not state he believed the newspaper articles or rumors concerning the homicide to be true, and had no opinion as to whether or not they were true; that on inquiry he stated that he could try the case, if accepted as a juror, according to the law given by the court and the evidence from the witnesses, without being influenced by anything he had previously read or heard.

Affidavits of the commonwealth's and the county attorney substantiated that of the juror, and in the order overruling the motion and grounds for new trial, the court gave substantially the same version of the matter.

Controversy between counsel for the respective parties concerning the right of this court to consider this ground is based on section 281 of the Criminal Code of Practice as it read prior to 1932; however, they overlook the fact that this section was amended by chapter 63, sec. 2, Acts 1932. See Amendments to Criminal Code of Practice, Baldwin's 1933 Supplement. Under the section as amended, decisions of the court, upon challenge and for cause, are subject to exception and to review by this court. Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337.

Section 209 of the Criminal Code of Practice, among other things, provides in substance that one who has formed an opinion or impression based upon rumor or newspaper statements will not be disqualified to serve as a juror in any such case, if he shall upon oath state that he believes he can fairly and impartially render a verdict therein in accordance with the law and the evidence and the court shall be satisfied with the truth of such statement. See, also, Green v. Commonwealth, 223

Ky. 826, 4 S. W. (2d) 1109; Curtis v. Commonwealth, 237 Ky. 215, 35 S. W. (2d) 331. In the light of the record and these authorities, it is apparent that no error was made in this particular.

Insistence that error was committed in permitting jurors summoned for regular jury service to remain in the courtroom during the calling of the criminal docket on which appeared divers other indictments against appellant charging him with misdemeanors cannot be considered for the same reason as assigned in disposition of the first ground.

It is further argued that in closing argument counsel for the commonwealth made improper and prejudicial statements to the jury. The only reference to the alleged misconduct of the commonwealth's attorney appears in the motion and grounds for new trial, and there is no reference to or showing concerning it in the bill of exceptions. Improper argument or misconduct of the commonwealth's attorney in criminal cases cannot be considered by the appellate court unless the misconduct or improper argument and exceptions thereto are shown by the bill of exceptions. It is not sufficient that it be shown in the motion and grounds for new trial or supporting affidavits. Alexander v. Commonwealth, 262 Ky. 93, 89 S. W. (2d) 867; and cases therein cited. Also Cox v. Commonwealth, 209 Ky. 787, 273 S. W. 515; Vanover v. Commonwealth, 203 Ky. 362, 262 S. W. 282.

The next ground argued challenges the sufficiency of the evidence to support the verdict. Without going into detail, we deem it sufficient to say that the evidence for the commonwealth strongly conduces to show that McGee entered appellant's place of business and at his request one of the clerks served him with a bottle of beer. Some controversy of apparently little significance arose concerning payment for the beer, and while deceased was standing at the counter with one of his elbows on the counter and his head resting in his hand, making no threats or demonstrations toward appellant, the latter struck him a severe blow on the side of the head with a beer bottle, inflicting a wound which bled freely; that deceased thereupon left the building and later had his head dressed by a physician and changed his clothes. Thereafter appellant, who was walking from a garage

back to his place of business, and deceased, who was walking in the opposite direction, met about the middle of the street, passed each other a few feet, and then turned facing each other. Appellant drew a pistol from his pocket which he pointed toward deceased and snapped two or three times. He then took his left hand, turned the cylinder, and fired a shot which entered one of deceased's eyes, causing instant death. A great number of witnesses who saw the shooting and testified for the commonwealth stated that at the time of the homicide deceased had no weapon and made no demonstration whatever toward appellant.

Appellant testified in substance that when deceased came into his place of business and was served with a bottle of beer, he refused to pay the clerk; that the clerk thereupon came to another part of the building and spoke to him about the matter; that he went over and talked to deceased, and when the latter became abusive and threatening and made a demonstration as if he were drawing a weapon, he struck him with the bottle. He further stated that as deceased left the building he made some threats; and two or three witnesses came to him before the final difficulty and communicated to him threats made by deceased; that later he went to a garage on the opposite side of the street on business, and because of these threats and the fear inspired by them, he put his pistol in his pocket; that when he met McGee the latter applied a vile epithet and said he was going to kill him and that after they had passed, he turned and McGee had his hand in his pocket; that believing his life was in danger, he pulled his pistol and fired the fatal shot.

Appellant was corroborated in most of these details by one or more witnesses, but the evidence conclusively shows that deceased had no weapon when he met appellant on the street and that none was found upon him or about him after the homicide.

The foregoing recital of the main facts in evidence is sufficient to demonstrate the lack of merit in the contention that the verdict is not supported by sufficient evidence or that it is flagrantly against the evidence. The jury, as was exclusively their province to do, determined the credibility of the witnesses and the weight to be given their evidence against appellant, and in the

circumstances this court would not be authorized to disturb the verdict on these grounds.

What we have already said concerning other grounds urged for reversal disposes of the final contention that the court erred in refusing to grant appellant a new trial.

No error being shown in the record prejudicial to appellant's substantial rights, the judgment is affirmed.