## Cupp v. Commonwealth.

(Decided March 27, 1925.)

### Appeal from Clay Circuit Court.

1. Criminal Law—Instructions on Degrees Need Not Negative Self-Defense, where All Elements have been Correctly Defined and Submitted.—When murder, manslaughter, self-defense, and reasonable doubt have been correctly defined and submitted by instructions, such instructions, when read together, are law of case, and self-defense need not be negatived in the murder and manslaughter instructions.

2. Homicide—Failure to Include Name of Deceased in Self-Defense Instruction Held Not Prejudicial.—In prosecution for homicide, in which self-defense was set up, court's failure in self-defense instruction to include name of deceased, as regards defendant's danger of death or great bodily harm from other persons, held not prejudicial, in view of Criminal Code of Practice, sections 340, 353, where jury could not have misunderstood the rights of defendant.

T. H. WEBB and LEWIS & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Bert Cupp, indicted for the murder of Bradley York, was found guilty of manslaughter, and his punishment fixed at five years' confinement in the penitentiary. This killing occurred in a battle that is described in the case of York v. Com., 201 Ky. 431, 257 S. W. 38.

Appellant filed five grounds to support his motion for a new trial, but the only questions that he considered of enough importance to discuss in his brief are some trifling irregularities in the instructions. There were six of these instructions. Number 1 submitted the question of his guilt of murder or manslaughter, if he killed Bradley York; number 3, his guilt of murder or manslaughter if some other person killed York and appellant was present, aiding and abetting; number 2 told the jury the punishment that could be inflicted; number 4 was a self-defense instruction; number 5 was the usual reasonable doubt instruction, and the other instruction was devoted to definitions.

He complains of instructions 1 and 3 because the court failed in them to use these or similar words: "Not

in the necessary or apparently necessary defense of himself or another," but this court has held this to be unnecessary, and that when murder is correctly defined, manslaughter correctly defined, self-defense correctly defined, and reasonable doubt correctly submitted, these instructions, when read together, are the law of the case, and self-defense need not be negatived in the murder and manslaughter instruction. See Catron v. Com., 140 Ky. 61, 130 S. W. 951; Hoskins v. Com., 152 Ky. 805, 154 S. W. 919; Miller v. Com., 163 Ky. 246, 173 S. W. 761; Holcomb v. Com., 207 Ky. 367, 269 S. W. 349.

In the self-defense instruction, these words were used: "Then and there in danger of death or great bodily harm either, at the hands of any other person then and there present." Appellant contends that between the words "of" and "any" there should have been inserted the words, "Bradley York or," and that this instruction as drawn, did not give appellant the right of self-defense as against Bradley York. We admit it would have been better if so drawn, but the jury could not have misunderstood the rights of appellant, and he was not prejudiced by the failure to include those words. Sections 340 and 353 of the Criminal Code require that this case be affirmed. The appellant has been most fortunate indeed. Through a battle in which the casualties equalled sixty-two and one-half per cent of those engaged, he passed unscathed. No kith or kin of his was counted in the wounded or the slain. Charged with murder and with evidence against him overwhelming, he escapes with a sentence absolutely trifling. Our Commonwealth has been too long disgraced by battles such as this. The Clay circuit court officials have done well. They have convicted four of the five participants in this battle who survived. A judgment in such a case will not be disturbed except for very prejudicial errors.

The judgment is affirmed.