## Hopkins v. Commonwealth.

(Decided October 2, 1925.)

## Appeal from Lewis Circuit Court.

1. Criminal Law—Where Evidence Conflicting, Denial of Change of Venue Not Abuse of Discretion.—On application for change of venue, under Ky. Stats., sections 1094, 1095, where evidence was conflicting, it was not abuse of discretion for the trial court to deny said change.

2. Homicide—Instruction on Manslaughter Held Not Erroneous.— In prosecution for murder, court's instruction on manslaughter, charging that if "defendant . . . without previous malice and not in his necessary self-defense, . . . did, willfully and feloniously," etc., was not erroneous as against contention that it should have been "in his necessary, or to him apparently necessary, self-defense."

3. Criminal Law—Self-Defense Need Not be Negatived in Murder and Manslaughter Charges, where Murder, Manslaughter, and Self-Defense are Correctly Defined and Reasonable Doubt Correctly Submitted.—Where charge correctly defined murder, manslaughter, and self-defense, and correctly submitted reasonable doubt, such instructions, read together, constituted law of case. and self-defense need not be even negatived in murder or manslaughter instruction.

4. Homicide—Instruction that Accused had Right to Protect Home Properly Refused in View of Evidence.—Where deceased was killed by accused outside of pool room over which accused had his home, instruction that accused had right to protect home and maintain order therein was properly refused, inasmuch as accused's right did not extend to the streets of the city.

5. Criminal Law—Grounds for New Trial, Not Discussed in Brief, Waived.—Grounds for new trial, not discussed in brief, are considered waived.

6. Criminal Law—Misconduct of Trial Judge Not Made Ground for New Trial Not Considered on Appeal, Though Complained of in Brief.—Misconduct of trial judge not made ground for new trial will not be considered on appeal, though complained of in brief.

7. Criminal Law—Party Relying on Misconduct of Judge Must Include Alleged Misconduct in Bill of Exceptions.—A party relying on misconduct of trial judge must include such misconduct in his bill of exceptions in order to be considered on appeal.

A. J. MAY, R. D. WILSON and U. C. THOROUGHMAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

W. D. Hopkins shot and killed Fred Armstrong at about seven o'clock on the evening of August 28, 1924. Indicted for murder, he was convicted of manslaughter, and his punishment fixed at ten years' confinement in the penitentiary, of which he is now complaining. The defendant, Hopkins, occupied a building on the corner of Third and Main streets in the city of Vanceburg. In the front of this building on Main street are two rooms, one a lunch room, the other a dining room. Back of the dining room is the kitchen, and back of the lunch room is a pool room. A counter extends from the lunch room into the pool room. There was a door opening from this pool room on to Third street. The second story of this building was divided into suitable rooms which were occupied by defendant and his family as a residence.

On this evening John and Fred Armstrong and some other young men entered the pool room, and the two Armstrong boys began playing a game of pool. In the course of the game, Joe Kilgore, who was sitting on a bench near the table, remarked to Fred Armstrong that John was cheating. John resented this and made some remark to Kilgore, whereupon Fred came around the table, and seized Kilgore by the collar. Angry words followed, and some insulting language was used. Defendant, who was behind the lunch counter, ordered them to stop. Fred then made a remark to defendant to the effect that if he wanted to get into the difficulty, he should come out from behind the lunch counter. Thereupon defendant ordered them to get out of the house. After this, defendant went from the pool room into the kitchen, where he procured a pistol, then came back into the pool room. When he got back, the Armstrong boys were then leaving the pool room by the side door, which opened on to Third street. Defendant crossed the pool room, as he says, for the purpose of closing the door, and says that when he attempted to do so, one of the Armstrong boys seized him and jerked him out into the street. Other witnesses say he followed the Armstrongs out into the street. A fight took place in the street between defendant and the Armstrongs. In the early part of this engagement defendant struck John Armstrong a blow which so stunned him that he took but little further part in the combat. Fred and defendant continued to fight

and scuffle with each other in the street, and during the progress of the fight, got farther and farther away from the building, until they were about fifteen feet from the edge of the sidewalk, at which time Fred Armstrong threw his hands up over his face and said that he had enough.  Defendant said, ''G— d— you, I will give you enough.''  Thereupon he fired two shots into the body of Fred Armstrong, from which he died.

After his conviction defendant filed a motion for a new trial, and set up six grounds therefor.  The indictment against him was returned on October 21, and on that same day defendant filed his petition for change of venue as provided for by section 1109 of the Kentucky Statutes, gave proper notice as provided by section 1095, and in support of petition he filed the affidavits of three housekeepers of the county.  The Commonwealth then filed the affidavits of four housekeepers who controverted the affidavits filed by the defendant.  In addition to this, upon the trial of the case on December 1, the Commonwealth introduced fourteen witnesses, who were examined in open court and testified that they were acquainted with the state of feeling in the county and that there existed no such feeling as would prevent the defendant from getting a fair and impartial trial in Lewis county.  Thus the evidence upon the motion for change of venue was conflicting, and under such circumstances the court had discretion to deny the change.  See Ky. Timber & Lumber Co. v. Daniels, 50 S. W. 1097, 21 Ky. L. R. 107.

It is well settled that the ruling of the court upon an application for change of venue will be reviewed only for an abuse of discretion.

See Drake v. Holbrook, 92 S. W. 297, 28 Ky. L. R. 1319.  There does not appear to us to have been any abuse of the court's discretion in this case in denying the change.

Defendant complains of the instructions given by the court, particularly of the second instruction, under which the defendant was convicted.  That instruction is:

"The jury are further instructed that in the event they should not find and believe from the evidence, to the exclusion of a reasonable doubt, that the defendant, W. D. Hopkins, has been proven guilty of wilful murder under and as defined in the first instruction, but shall find and believe from

all the facts and circumstances proven in evidence, to the exclusion of a reasonable doubt, that the defendant in Lewis county, Kentucky, and before October 21st, 1924, without previous malice, and not in his necessary self-defense, as indicated in the third instruction, did, willfully and feloniously and in a sudden affray, or in sudden heat and passion upon a provocation reasonably calculated to excite his passion beyond the power of his control, shoot at and wound Fred Armstrong with a pistol loaded with powder and leaden ball, or some other hard and explosive substance, from which shooting and wounding the said Fred Armstrong then and there, or within a year and a day, died, then and in this event the jury ought to find the defendant guilty of voluntary manslaughter, which is a degree of the crime of homicide, and as such included in the terms of the indictment on trial, and fix his punishment for said offense at confinement in the state penitentiary for not less than two (2) years and not more than twenty-one years.''

He insists that in this instruction in lieu of the words, ''not in his necessary self-defense,'' the court should have said, ''not in his necessary or to him apparently necessary self-defense.'' This was not error.

''This court has held . . . when murder is correctly defined, manslaughter correctly defined, self-defense correctly defined and reasonable doubt correctly submitted, these instructions, when read together, are the law of the case and self-defense need not even be negatived in the murder and manslaughter instructions. See Catron v. Commonwealth, 140 Ky. 61, 130 S. W. 951; Hoskins v. Commonwealth, 152 Ky. 805, 154 S. W. 919; Miller v. Commonwealth, 163 Ky. 246, 173 S. W. 761; Holcomb v. Commonwealth, 207 Ky. 367, 269 S. W. 349.'' Conley v. Commonwealth, 208 Ky. 538, 271 S. W. 566.

He also insists that the court did not give the whole law of the case and that as it was shown that he and his family lived in the second story of this building, this was his home, and that the court should have told the jury that he had the right to protect his home and to maintain order therein. It is true that it was proven that this was his home; but it was also shown that the lower story was

used for business purposes and was a place to which the public was invited, upon the patronage of which defendant depended for his living. Hence the deceased and the other parties with him had the right to enter the pool room. However, that did not give them the right to be disorderly while they were in there, and defendant had the right to maintain order in his pool room; but this difficulty occurred outside the pool room. If defendant had never gone outside of the pool room, there would, in all probability, have been no further trouble, and his right to protect his home and his property did not, under the facts proven, extend into the streets of the city; hence the court did not err in refusing to give this instruction.

The other grounds upon which defendant relies for a new trial have not been discussed in his brief, and will be treated as waived. McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682.

Defendant complains in his brief of certain alleged misconduct of the judge, but that was not made one of his grounds for a new trial, and it cannot be considered now. Neither was this alleged misconduct shown in his bill of exceptions, and if he had made it one of his grounds for new trial, it would not be available to him here unless it was included in the bill of exceptions. The rule is well settled in this state that where a party relies upon the misconduct of the judge, jury or opposing counsel, such alleged misconduct must be included in the bill of exceptions, and if it is not so included, it will not be considered by this court. The reason for this rule is that unless it is definitely and certainly shown just what this alleged misconduct was, disputes will arise between opposing counsel relative thereto in their briefs, and it will be insisted on the one hand that such misconduct did occur and upon the other hand that it did not occur, thus raising an issue of fact relative thereto, and this court is not prepared to or expected to decide such issues of fact. These issues should be settled and determined in the lower court, and embodied in the bill of exceptions.

Defendant is a large man, about six feet is height and is forty-two years old, in the prime of life, and should have the wisdom, discretion and self-control usually had by men of that age. Deceased was a sixteen-year-old boy, five feet four inches in height, weighed about one hundred and twenty-five pounds, and was unarmed. According to defendant the deceased was drunk. Defendant should have made allowances for the follies

and indiscretion inseparable from this boy's youth and intoxication. His actions in shooting this drunken and unarmed boy was not calculated to win the approval of the average juror, and the mildness of the punishment imposed on defendant clearly shows that none of the prejudice and feeling mentioned in his motion for change of venue reached or affected the jury. He has had a fair trial, and has escaped with a very light punishment. .

The judgment is affirmed.

The whole court sitting.