## Williams v. Commonwealth.

(Decided October 13, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Objections, Not Urged During Trial, Nor Until Motion and Grounds for New Trial, Not Considered.—Objections to appointment of prosecutor, pursuant to Ky. Stats., section 120, and to alleged substitution of juror during trial, will not be considered on appeal, where not urged during progress of trial, nor until in the motion and grounds for new trial.

2. Criminal Law—Alleged Substitution of Juror Not Considered on Appeal, Where Not Incorporated in Bill of Exceptions.—The alleged substitution of another for a juror cannot be considered on appeal, where it appears only from an affidavit filed in support of motion for new trial, not incorporated in bill of exceptions.

3. Criminal Law—Instruction Defining Shooting with Attempt to Kill Not Erroneous, in Not Defining Self-Defense Defined in Another Instruction.—An instruction defining malicious shooting with intent to kill, and presenting to jury whether or not there was proof beyond reasonable doubt, held not erroneous in not defining self-defense, inasmuch as reference to self-defense in instruction was merely to call attention to another instruction properly defining self-defense.

4. Criminal Law—Not Erroneous, in Instruction on Malicious Shooting, to include Reference to Instruction Defining Self Defense.—In instruction defining offense of malicious shooting with intent to kill, under Ky. Stats., section 1166, it was not error to include a reference to an instruction defining self-defense.

5. Criminal Law—Only where Statute Uses Words "and Not in Self-Defense" in Defining Offense Charged is there Need for Defining Self-Defense in Instruction.—Only where, as in Ky. Stats., section 1242, the statute employs words "and not in self-defense" in defining an offense charged is there any need for including them in the instruction defining the offense.

PICKLESIMER & STEELE and STATON & KAZEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellant was convicted of maliciously shooting and wounding another with intent to kill, and for reversal of the judgment complains (1) of the appointment of Hon. Roscoe Vanover to represent the Commonwealth on the trial of the case pursuant to section 120 of the statutes, and (2) of an alleged substitution during the trial of another for one of the jury selected to try the case.

No such objections were urged below during the progress of the trial nor until in the motion and grounds for a new trial, and for this reason they cannot now be considered. Miller's App., page 2, section 55, and cases there cited.

Nor is the alleged substitution of another for a juror properly manifested by the record, since it appears only from an affidavit filed in support of the motion for a new trial, which was not incorporated in the bill of exceptions, and for this additional reason that question is not here for review. Miller's App., page 2, section 51, and cases in note 57 thereto.

Another complaint is that the first instruction given does not properly define self-defense. But such was not its office or purpose. It merely defines the offense charged and presented to the jury for its determination whether or not it was proven beyond a reasonable doubt. It was not even necessary to include therein, as was done in defining malicious shooting, the words "and not in his self-defense," since the question of self-defense was correctly defined in a separate instruction which is not even criticised. The only purpose or effect of such a reference to self-defense in the instruction defining the offense charged is to call especial attention to the self-defense instruction, as was particularly pointed out in Miller v. Commonwealth 163 Ky. 246, 173 S. W. 761, and has been held in substance in numerous other cases. Catron v. Commonwealth, 140 Ky. 61, 130 S. W. 951; Holcomb v. Commonwealth, 207 Ky. 372, 269 S. W. 349; Cupp v. Commonwealth, 208 Ky. 231, 270 S. W. 774; Conley v. Commonwealth, 208 Ky. 538, 271 S. W. 566, and Hopkins v. Commonwealth, 210 Ky. 378.

Upon the other hand, it obviously is not error to include such a reference to self-defense in the instruction defining the offense, and many cases can be found approving instructions so worded in cases of this kind and others involving the question of self-defense.

It is only where, as in section 1242, the statute employs these words in defining the offense that there is any reason for thus defining it in the instructions. Violet v. Commonwealth, 72 S. W. 1, 24 Ky. L. R. 1720, and whether even then this is essential we need not now discuss since the statute (section 1166) denouncing and defining the offense charged does not provide as an element thereof that the shooting must not be in self-defense.

The only other complaint is of alleged error in the admission of evidence and an admonition of the court with reference thereto, which we do not regard of sufficient materiality to warrant discussion.        Judgment affirmed.