## Gibson v. Commonwealth.

(Decided May 14, 1926.)

### Appeal from Bell Circuit Court.

1.   Criminal Law.—Admission of deceased's dying declaration that accused shot him for nothing held not error, where not objected to nor motion made to strike.

2.   Witnesses—Evidence that Defendant's Witness, who Testified that he Saw Homicide, and that it was Excusable, Told Another to Swear that he was Present, and that Defendant had to do it, Held Competent, and its Admission was Not Error, Especially where Not Objected to.—In homicide prosecution, where testimony of defendant's witness tended to excuse defendant, evidence that such witness told another to swear that he was present, and that defendant had to do it, held competent, and its admission not error, especially where not objected to.

3.   Criminal Law—Admission of Evidence that Defendant's Witness, who Testified he Saw Homicide and that it was Excusable, Came Running Down to Scene of Killing Immediately After, and Asked What had Happened, Held Not Error, though Court did Not Admonish Jury that it was Admitted to Show that Such Witness was Not Present.—Where defendant's witness in homicide prosecution testified he was present, and that homicide was excusable, admission of evidence that just after killing such witness ran down to where it happened, and asked what had happened, held not error, though court did not admonish jury that its purpose was to show that witness was not present at time of killing; such purpose being apparent from the evidence itself.

4.   Homicide—Qualification of Self-defense Instruction in Homicide Prosecution, by Stating that Accused should Not be Acquitted if he Provoked Difficulty, and thus Made Danger for Himself, Held Not Error.—In homicide prosecution, court's qualification of self-defense instruction by stating that accused should not be ac-

quitted on ground of self-defense, if jury believed beyond reasonable doubt that accused provoked difficulty, and thus made danger for himself, held not reversible error.

5. Criminal Law—Commonwealth's Attorney's Improper Argument that Certain Instruction was Given Only in Bad Cases Held Not Reversible, Where Objection was Sustained, and Jury Told Not to Consider it.—Commonwealth's attorney's remark that certain instruction is never given except in very bad cases, though improper, held not to require reversal, where objection thereto was sustained, and jury admonished not to consider it.

6. Criminal Law.—Alleged misconduct of mother of deceased in homicide prosecution cannot be considered by appellate court, where not embodied in bill of exceptions.

J. G. ROLLINS and W. T. DAVIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Milton Gibson, a man forty-seven years of age, slew his wife's brother, Lee Arthur Collins, a seventeen-year-old boy. His claim of self-defense did not convince the jury. He was found guilty of murder; his punishment was fixed at life imprisonment. Among the errors which he alleges were committed to his prejudice are these: In the testimony of Boyd Mason, a half-brother of the dead boy, we find this:

"Q. 17. Was anything said by Collins in the presence and hearing of Mr. Gibson? (Defendant objects; overruled; defendant excepts.) A. Yes, sir, he told me when I got to the tie pile where he was that Gibson shot him for nothing.

Gibson cites the case of Philpot v. Commonwealth, 195 Ky. 555, 242 S. W. 839, 25 A. L. R. 1367, and insists that this was error. We have examined the record in the Philpot case, and we find that a very similar question was asked and a similar answer given. In both the Philpot case and this case, the question was objected to, the objection was overruled, and defendant excepted. That ruling was correct because there was nothing in this question necessarily calling for incompetent evidence; but in both the Philpot case and this one the answer did disclose that the person wounded did say that he had been shot for nothing. There is this difference, however, in the Philpot case, the defendants objected to the answer, and moved

to strike it, neither of which was done in this case. Hence the Philpot case does not apply. Gibson had introduced as a witness his half-brother, Frank Baker, and Baker had testified that he saw the difficulty, and he gave an account of it that tended to excuse Gibson's act. The Commonwealth sought to break the force of Baker's evidence by showing his interest in the matter, and that he was not in fact present, and did not see the difficulty, and for that purpose they asked Baker if he had, in substance, said to Boyd Mason, while Collins was lying a corpse: "You should swear for Gibson and should say you were present and saw the killing, and Gibson had to do it." Baker denied making that statement. Boyd Mason was called in rebuttal and testified that Baker did make that request of him, and this is another error that Gibson says was committed, but we cannot agree with him. First, we think the evidence was competent, and, second, it was not objected to. Further in the examination of Baker by the Commonwealth, we find this:

"Q. 3. Just after the killing on the afternoon that it happened, did you come running across the little hill and pass Boyd Mason and Floyd Mason and run down to where it happened and ask 'What has happened' and ask your brother what he done? A. No, sir.

"Q. 4. Did you run by them from the back of this little hill and get down there just after the shooting? A. No, sir.

In Floyd Mason's evidence in rebuttal, we find this:

"Q. 1. I wish to ask you whether or not just after the shooting you saw the witness, Frank Baker, run past you and Boyd Mason from in the direction of where that little hill is going down toward where the shooting was? A. Yes, sir.

"Q. 2. Did you hear him ask, soon after he ran by there 'what has happened here,' and did you hear him ask his brother what he had done? (Defendant objects) A. Yes, sir."

The defendant insists that this was error, and that pose for which it was admitted. The purpose of this evidence was to show that Baker was not present at the the court should have admonished the jury of the purtime the shooting occurred, and, therefore, could not have seen and heard the things to which he testified.

That it would have been more regular for the jury to have been told the purpose for which it was admitted we admit, but the purpose was so apparent from the evidence itself, that there was no imperative need for the court to so admonish the jury, and failure to do so could not have been prejudicial. The court gave the usual self-defense instruction, followed by a qualification that if the defendant should not be acquitted on the ground of self-defense, if the jury believed to the exclusion of a reasonable doubt, that at a time when he was in no danger of either death or great bodily harm, he provoked and brought on the difficulty, by doing certain acts set out in the instruction and thus made the danger for himself. Defendant cites the case of Martin v. Commonwealth, 197 Ky. 43, 245 S. W. 869, and insists that this is reversible error; but an examination of the Martin case will show that that case was reversed because the court further qualified the self-defense instruction by giving one on mutual combat, hence that case does not apply.

He is complaining of misconduct on the part of the attorney for the Commonwealth, and alleges that in the final argument of the case, the attorney for the Commonwealth, in discussing this instruction, said: "This instruction is never given except in very bad cases." This the Commonwealth's attorney should not have said. It was a very improper remark, but when it was made, the defendant objected, his objection was sustained, and the jury was admonished not to consider it, and we can not say that that did not right the wrong.

His final complaint is of the misconduct of the mother of the deceased in "weeping and carrying on in the court," but we cannot consider that as it was not embodied in the bill of exceptions. See the rule and reason for it in Hopkins v. Commonwealth, 210 Ky. 378, 275 S. W. 881.

The judgment is affirmed.