## Castle v. Commonwealth.

(Decided October 1, 1926.)

### Appeal from Floyd Circuit Court.

1. Criminal Law.—Refusal to grant continuance for absent witnesses held not abuse of discretion, where affidavit setting out what they would testify was read as depositions of such witnesses.

2. Criminal Law—Refusing Continuance for Attorneys' Lack of Time to Prepare Case, where that Reason was Urged for First Time in Brief, and Record did Not Show Prejudice, Held Not Error.—Trial court held not to err in refusing continuance based on attorneys' lack of time to prepare case, where that reason was urged for first time in brief, and record did not show wherein more efficient service could have been rendered, if case had been continued.

3. Criminal Law—Where Defendant Showed he had Not Been in Neighborhood of Crime, Except as Officer, Cross-Examination Showing he had Frequently Witnessed Gambling Games there Held Proper.—Where defendant showed that he had not been in neigh-

borhood where crime was committed, except as police officer, cross-examination to show that he had frequently been there and witnessed gambling games held proper.

4. Criminal Law—Objection to Remarks in Closing Argument, Presented Only in Motion for New Trial, will Not be Considered, Where Bill of Exceptions did Not Show that They Were Made.— Objections to remarks of attorney for Commonwealth in closing argument, which were not made part of record, being presented only in motion for new trial, will not be considered, where bill of exceptions did not show that such remarks were made, or that objection was made or ruled on.

JOE P. TACKETT, JOHN CAUDILL and A. B. COMBS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Link Castle, was indicted in the Floyd circuit court on September 8, 1925, on the charge of willful murder, the deceased being one Walter Banks, a negro. The case was set for trial on September 23, 1925, and two attorneys were appointed to represent appellant, they being present and accepting the appointment. On September 23, the day set for the trial, the Commonwealth answered ready. The two attorneys that had been appointed to represent the appellant, for some reason not appearing in the record, were not present and the court appointed two other attorneys to represent him. The record discloses that a third attorney also appeared in his behalf.

Appellant then answered not ready, moved for a continuance, and in support of his motion filed an affidavit setting out the absence of three witnesses and what their testimony would be if they were present. The attorney for the Commonwealth consented that the affidavit might be read as the depositions of the absent witnesses and the motion for a continuance was overruled. The case proceeding to trial, the appellant was found guilty of voluntary manslaughter and his punishment fixed at confinement in the penitentiary for twenty years and one day.

The first ground relied on for a reversal is the failure of the trial court to grant appellant a continuance. One of the witnesses asserted to be absent appeared and

testified at the trial. Of the other two, one was a character witness and the evidence of the other was merely cumulative. The affidavit set out in detail what each would say if present and was read to the jury under instructions by the court to consider the evidence of these absent witnesses and give it the same consideration as if the witnesses were present and testifying. In the brief for appellant it is urged that the trial court erred in overruling the motion for a continuance because the attorneys appointed to represent the defendant did not have reasonable opportunity to confer with their client and properly prepare the case. No such averments appear in the affidavit filed in support of the motion for a continuance and no such reasons were urged before the trial court, nor does the record disclose wherein the attorneys for the appellant could have rendered him any more efficient service had the case been continued than was rendered by them at the trial. Had a showing been made in support of the motion for a continuance that under the circumstances the case could not be properly prepared for trial within the time allotted then the trial court must necessarily have granted a continuance; but since the only ground relied upon at the time the motion was made was the absence of the witnesses mentioned we are of the opinion that the refusal of the trial court to grant a continuance was not an abuse of its sound discretion and, therefore, not reversible error. Miller v. Commonwealth, 200 Ky. 435, 255 S. W. 96; Mannin v. Commonwealth, 212 Ky. 529, 279 S. W. 945.

It is also insisted that the trial court committed error in permitting certain evidence to be introduced to the effect that appellant had frequently been in the community, which was a negro settlement, where the killing occurred and had been a witness to gambling games that occurred there. All of this evidence was brought out on the cross-examination of appellant and his brother, who was his chief witness. On the direct examination of each an effort was made to show that previous to the killing the appellant had been deputized to act as a police officer in that community, and the inference was that he had never been there previous to the night the killing occurred except in the capacity of an officer. The cross-examination complained of disclosed that appellant had served as an officer on only one occasion and that he had been in that community on other occassions. Under the circum-

stances the cross-examination of these witnesses was proper.

It is finally insisted as a ground for reversal that certain remarks made in the closing argument of the attorney for the Commonwealth were improper and prejudicial. The remarks complained of were not properly made a part of the record, having been presented only in appellant's motion and grounds for a new trial. The bill of exceptions does not disclose that the alleged remarks were made, that any objection was made at the time or that the court ruled thereon. We are, therefore, precluded from considering this ground for reversal. Vanover v. Commonwealth, 203 Ky. 362, 262 S. W. 282; Hopkins v. Commonwealth, 210 Ky. 378, 275 S. W. 881; Meade v. Commonwealth, 214 Ky. 88, 282 S. W. 781; Wolf v. Commonwealth, 214 Ky. 544, 283 S. W. 385.

The above are the only grounds for a reversal discussed in brief for appellant. It is not necessary to detail the testimony for the purposes of this opinion, but we will state that we have made a careful examination of the record and find there is ample evidence to sustain the verdict. The instructions given properly present the law of the case.

Finding no error prejudicial to the substantial rights of the appellant the judgment is affirmed.