## Bentley v. Commonwealth.

(Decided November 19, 1926.)

### Appeal from Letcher Circuit Court.

1. Criminal Law.—Ground for reversal of conviction, first presented in motion and grounds for new trial, cannot be considered.
2. Homicide.—Malice in shooting and wounding another may be inferred from accused's actions, circumstances of crime and manner of its commission.
3. Homicide—Testimony of Town Marshal. Tried for Malicious Shooting and Wounding with Intent to Kill, Held to Entitle Him to Instruction on Right of Arrest on Felony Charge and Use Force Necessary (Kentucky Statutes, Section 1148a-7).—In trial of town marshal for maliciously shooting and wounding another with intent to kill, defendant's testimony held to entitled him, under Kentucky Statutes, section 1148a-7, to instruction that, if prosecuting winess was drunk and disorderly in defendant's presence, defendant had right to arrest him without warrant, and, if he attempted by force or violence to effect his release from custody after arrest, he committed a felony in defendant's presence, authorizing defendant to arrest him on a felony charge and use force necessary to effect arrest or prevent escape from custody, even to shooting and wounding him.

HAWK & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

Opinion of the Court by Judge Rees—Reversing.

The appellant, Milburn Bentley, was convicted in the .Letcher circuit court for malicious shooting and wounding another with intent to kill and his punishment fixed at confinement in the penitentiary for one year and a day.

At the time the shooting occurred appellant was marshal of the town of Neon. According to his testimony he received information that one Monroe German was drunk and disorderly at a certain point in the town and appellant proceeded to the point designated and found German on the sidewalk in front of a restaurant talking to George Malloby. German was drunk and disorderly and appellant informed him that it would be necessary to arrest him and take him before the police judge. German asked him if he had a warrant and appellant replied that he did not and German then said: "If you have got a warrant I will go and if you ain't, by God, I ain't goin' nowhere." At this point appellant took hold of German's arm and German got hold of Malloby and refused to go. Appellant then jerked him loose from Malloby and into the street intending to take him before the police judge. German resisted, attempted to strike appellant and made a motion as if to draw a weapon, whereupon appellant drew his gun and fired at German, the bullet striking him in the back, causing a flesh wound and passing through his arm.

German testified that he was neither drunk nor disorderly at the time appellant arrested him and that he did not resist appellant nor attempt to strike him nor draw any weapon but that appellant grabbed him by the arm, jerked him into the street and then shot him without cause. He is corroborated in many respects by Malloby and another witness who was standing near when the shooting occurred. If the testimony of these witnesses is true the appellant should be convicted, but if appellant's testimony is true he should be acquitted.

Appellant relies upon the following grounds for reversal: (1) Improper remarks made by the attorney for the Commonwealth in his argument to the jury; (2) failure of the Commonwealth to prove malice; (3) failure of the trial court to properly instruct the jury. Ground one cannot be considered as it is presented for the first time in the motion and grounds for a new trial. Castle v. Commonwealth, 215 Ky. 752, 286 S. W. 1063; Hopkins

v. Commonwealth, 210 Ky. 378, 275 S. W. 881. Ground two is likewise without merit since malice may be inferred from the actions of the accused, from the circumstances of the crime and the manner of its commission. Pierce v. Commonwealth, 215 Ky. 162, 284 S. W. 1035.

If the facts are as stated by appellant in his evidence, then, under section 1148a-7 of the Kentucky Statutes, the witness, German, had committed a felony in the presence of appellant and the appellant was then authorized to arrest German upon a felony charge without a warrant and in making such arrest was entitled to all the protection provided by the law to officers in making felony arrests.

The trial court did not instruct the jury upon this phase of the case but gave a self-defense instruction and the right of appellant to shoot the witness, German, is made to depend wholly upon the question of self-defense.

The facts of this case bring it squarely within the rule announced in the recent case of Gipson v. Commonwealth, 215 Ky. 710, 286 S. W. 1069, wherein we said:

"The court gave the usual instructions, including that of self-defense, but did not instruct the jury as to the rights and duties of appellant as an officer,. which seems to have been his principal defense. Epitomized, his evidence is to the effect that he was a duly elected and qualified peace officer; that two public offenses were being committed in his presence, for which he attempted to arrest the offenders, who by violence and threats sought to obstruct and intimidate him in the performance of his duty. If his statements are true it was his duty in the first instance to arrest the offenders for the misdemeanors thus committed. In doing this he was authorized to use only such force as was reasonably necessary to accomplish that purpose, not to endanger life or limb; but if while in the discharge of that duty the offenders sought by violence, force or threats to intimidate and obstruct him in the performance of such duty they were committing a felony in his presence for which he was authorized to arrest them and to use such force as might be necessary for that purpose, it being specifically provided in section 1148a-7, Kentucky Statutes, that 'it shall be unlawful for . any person or persons . . . by violence, force or threats to alarm, disturb or hinder or obstruct

or intimidate any officer of the Commonwealth of Kentucky in the matter of his official action or in the discharge of his duty or attempt so to do, . . . . ' the punishment fixed being confinement in the penitentiary. It was error not to instruct on this theory of the case, as it is well settled that it is the duty of the court to give the whole law of the case, and this includes every defense offered by the accused.''

Appellant was entitled to an instruction presenting his rights while making an arrest on a felony charge and the trial court erred in failing to instruct on this theory of the case. On another trial, if the evidence is substantially the same, the court, in addition to the ordinary instruction on self-defense, should give the following in lieu of instruction No. 1: The court instructs the jury that, if they believe from the evidence the witness, German, was drunk and disorderly in the presence of defendant, the latter, as marshal of the town of Neon, had the right to arrest him without a warrant, and, if they further believe from the evidence that, after the arrest of German, and while the defendant had him in custody, German attempted by force or violence to effect his release from defendant's custody as an officer, then German had committed a felony in defendant's presence and the defendant was then authorized under the law, and it was his duty to arrest him upon the felony charge, and he was authorized in making such arrest to use such force and only such force as was necessary to effect German's arrest or prevent his escape from custody, even to shooting and wounding him, and if they believe from the evidence that the shooting and wounding of German occurred in the manner and under the circumstances as set out in this instruction, the said shooting and wounding was excusable and they should find the defendant not guilty.

The court will also add to instruction No. 2 and instruction No. 3 the following: Unless they believe from the evidence that the shooting and wounding occurred as set out in instruction No. 1, in which event they will find the defendant not guilty.

Judgment reversed and cause remanded for a new trial consistent with this opinion.