Opinion of the Court by
Drury, Commissioner
Reversing.
On November 25, 1927, James Maggard shot and killed William Bowen. Upon Ms trial nnder an indict *11 ment for murder he was found guilty of manslaughter, and his punishment fixed at two years in the penitentiary. He has appealed.
Maggard was a deputy sheriff, and claims he was pursuing Bowen in an effort to arrest him under a warrant for illegal possession of whisky. He fired his pistol twice, and called to Bowen to halt, but Bowen heeded not. He says he overtook and got in front of Bowen, that Bowen dismounted, got behind his mule, drew his pistol, and directed Maggard to drop his pistol. He says he replied, “Big Boy, I can’t do that, I have got a warrant for you and will have to arrest you, you drop yours; ” to which Bowen replied, “Sheriff, if you don’t drop that pistol I am going to kill you.” Thereupon Maggard fired; the ball struck Bowen in the neck, just above the collar bone, and came out just below his shoulder blade, killing him instantly. For the commonwealth there was evidence that, when Maggard got in front of Bowen, he dismounted, and saying to Bowen, “By G-, why didn’t you stop when I told you,” fired, and Bowen fell off his mule.
Maggard now argues this judgment should be reversed because it is flagrantly against the evidence. A verdict to be flagrantly against the evidence must be without support in any of the evidence. Here the only question is which set of witnesses is telling the truth. That was a question for the jury. We cannot reverse it because the jury believed one set rather than another. See Gilbert v. Com., 228 Ky. 19, 14 S. W. (2d) 194.
We cannot consider his complaint of improper argument by the commonwealth’s attorney, as that is not embodied in the bill of exceptions. See Hopkins v. Com., 210 Ky. 378, 275 S. W. 881.
His final complaint is of the instructions. The court instructed on murder, manslaughter, self-defense, rights of an officer making an arrest, and reasonable doubt. He complains of the instruction dealing with his rights in making this arrest, and cites these cases: Caperton v. Com., 189 Ky. 652, 225 S. W. 481; Bowling v. Com., 7 Ky. Law Rep. 821; Bowman v. Com., 96 Ky. 8, 27 S. W. 870, 16 Ky. Law Rep. 186; Lindle v. Com., 111. Ky. 866, 64 S. W. 986, 23 Ky. Law Rep. 1307; Stevens v. Com., 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Reed v. Com., 125 Ky. 126, 100 S. W. 856, 30 Ky. Law Rep. 1212; Com. v. Marcum, 135 Ky. 1, 122 S. W. 215, 24 L. R. A. (N. S.) *12 1194; Smith v. Com., 176 Ky. 466, 195 S. W. 811; Hickey v. Com., 185 Ky. 570, 215 S. W. 431; Cornett v. Com., 198 Ky. 236, 248 S. W. 540.
These opinions we shall refer to as “group (a).” They are correct expositions of the law relative to the rights of an officer in making an arrest, as it was prior to the enactment of chapter 100 of the Acts of the General Assembly for 1920. In that act there appears as section 7 what is now section 1148a7 of the Kentucky Statutes.
That statute made important changes in the law relative to the rights of an officer in making an arrest, where the one or ones he is endeavoring to arrest attempts, by violence, force, or threats, to alarm, disturb, hinder, obstruct, or intimidate the officer. The statute makes the doing of such things a felony. The passage of this statute made it necessary that corresponding changes be made in the instructions to be given in cases where an officer is on trial for killing a man whom he was attempting to arrest, and who was forcibly resisting arrest.
The matter has been one of some difficulty, and we shall now set out and call “group (b) ” some of the cases called to our attention wherein- the question was presented. The first is Fitzpatrick v. Com., 210 Ky. 385, 275 S. W. 819, 824, in which we said the officer could “use such force and only such force as was necessary.” The next case was Clem v. Com., 213 Ky. 265, 280 S. W. 1104, and in it we directed that the jury be instructed as directed in the Fitzpatrick case.
Then came Gipson v. Com., 215 Ky. 710, 286 S. W. 1069, 1070, and in it we said the officer could “use such force as might be necessary.” One week thereafter, in the opinion in Miller et al v. Com., 215 Ky. 819, 287 S. W. 6, 7, we prepared an instruction to be given in which we said the officer could “use such force as was reasonably necessary.”
Shortly thereafter we decided the case of Bentley v. Com., 216 Ky. 665, 288 S. W. 295, 297, and in deciding it we followed the Gipson case, and prepared an instruction' which the judge of the trial court evidently had before him when he wrote the instruction in the case at bar, and in that opinion we directed the trial court to give an instruction that the defendant could “use such force, and only such force, as was necessary.”
Next was Mullins v. Com., 219 Ky. 60, 292 S. W. 471, and we followed the Gipson, Miller, and Bentley cases, *13 and in Shelton v. Com., 226 Ky. 460, 11 S. W. (2d) 125, we followed the Mullins case. To this group we had perhaps better add Arnold v. Com., 55 S. W. 894, 895, 21 Ky. Law Rep. 1566, and Fleetwood v. Com., 80 Ky. 1, written before the enactment of section 1148a7, and these nine cases we will call “group (b),” and it is our conclusion now these cases did not go far enough in stating the rights of an officer when he attempts to make an arrest and meets with resistance.
"We are persuaded the rules stated in the following eases are more nearly correct: Cornett v. Com., 198 Ky. 236, 248 S. W. 540; Stevens v. Com., 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Hickey v. Com., 185 Ky. 570, 215 S. W. 431; Reed v. Com., 125 Ky. 126, 100 S. W. 856, 30 Ky. Law Rep. 1212; Smith v. Com., 176 Ky. 466, 195 S. W. 811. The rule is thus stated in 30 C. J. p. 40, sec.195:
“Where an officer or member of his posse is attempting to make an arrest upon a charge of felony, he may use such force in effecting the arrest and in overcoming the resistance thereto as is necessary, or. as appears to him in the exercise of reasonable discretion to be necessary, even to the extent of taking life, or to the extent of killing the felon, or person charged with felony, while in flight; he is not limited to the use of such force as is necessary to protect himself from death or great bodily harm, or to the right of self-defense available to a private citizen although of course the right of self-defense is available to him in a proper case.”
Section 43 of our Criminal Code of Practice says: “No unnecessary force or violence shall be used in making the arrest. ’ ’ In discussing this section of the Code in Dilger v. Com., 88 Ky. 560, 11 S. W. 651, 653, 11 Ky. Law Rep. 67, we said: “Our statute is silent, save as above cited, as to the force he may use. We must therefore return to the common law for guidance.”
Since 1148a7 makes resistance of an officer a felony, there is but little if any difference between making an arrest for a misdemeanor and an arrest for a felony if the party the officer is endeavoring to arrest attempts by violence, force or threats to alarm, disturb, hinder, obstruct or intimidate the officer. Such an attempt is a felony and makes the law relating to an arrest for a *14 felony immediately applicable, although it was not applicable before the resistance was attempted.
We have therefore concluded the instruction prepared by this court in the case of Bentley v. Com., 216 Ky. 665, 288 S. W. 295, should be modified by inserting in it after the word “necessary” (in line 15 from the bottom of page 668 of 216 Ky., and in line 18 from the top of page 297 of 288 S. W.) these words or as appeared, to him in the exercise of a reasonable discretion to be necessary. Other opinions in this “group (b) ” should likewise be modified. We have been gradually approaching this conclusion, and in Neal v. Com., 229 Ky. 832, 18 S. W. (2d) 314, 316, we prepared instruction authorizing an arresting officer under circumstances similar to these “to use such force as ivas necessary or reasonably appeared to him tobe necessary.”
The instruction in the Bentley case when so modified will read as follows:
“The court instructs the jury that, if they believe from the evidence the witness, German, was drunk and disorderly in the presence of defendant, the latter, as marshal of the town of Neon, had the right to arrest him without a warrant, and, if they further believe from the evidence that, after the arrest of German, and while the defendant had him in custody, German attempted by force or violence to effect his release from defendant’s custody as an officer, then German had committed a felony in defendant’s presence and the defendant was then authorized under the law, and it was his duty to arrest him upon the felony charge, and he was authorized in making such arrest to use such force and only such force as was necessary or as appeared to him in the exercise of a reasonable discretion to be necessary to effect German’s arrest or prevent his escape from custody, even to shooting and wounding him, and if they believe from the evidence that the shooting and wounding of German occurred in the manner and under the circumstances as set out in this instruction, the said shooting and wounding was excusable and they should find the defendant not guilty.”
In Fidelity & Deposit Co. v. Com., for Use, etc., 21 S. W. (2d) 452, decided October 29, 1929, we had before us a civil case involving this same question and the in *15 struction that was given is quoted in the opinion. It contained these words, “to use such force as might be necessary, or as appeared to him in the exercise of reasonable judgment to be necessary ” We criticized other parts of this instruction, but not these words. On a new trial, the trial court will so modify the instruction on the defendant’s rights as an arresting officer as to make it conform to the instruction prepared in the Bentley case, as modified by this opinion.
Judgment reversed.
Whole court sitting.