CASE 41.—PROSECUTION AGAINST JOHN KAMMERER FOR
MANSLAUGHTER.—February 24, 1910.

# Kammerer v. Commonwealth

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1.  Homicide—Manslaughter—Evidence.—In a prosecution of an
    officer for killing decedent while resisting arrest, evidence
    held to sustain a conviction of manslaughter.
2.  Sunday—Arrest—Execution of Process.—Where a   capias
    pro fine was duly issued 'by a justice of the peace in a pro-
    ceeding charging accused with breach of the peace, it could
    be executed on Sunday under Ky. St. section   4567, au-
    thorizing the execution of process issued on a charge of a
    breach of the peace on Sunday.
3.  Homicide—Self-Defense—Instruction.—Defendant, an officer
    having a capias pro fine, attempted to arrest deceased on
    Sunday, but deceased resisted arrest and placed his hand
    in his hip pocket as if to draw a pistol, when defendant, be-
    lieving his own life was in danger fired and shot deceased.
    Held sufficient to entitle accused to an instruction on self-
    defense.
4.  Homicide—Resistance of Arrest—Shooting by   Officer—In-
    structions.—In the prosecution of an officer for killing de-
    ceased while resisting arrest, an instruction that if   de-
    fendant in good faith believed that he had a   right   to
    execute a capias pro fine under which he was seeking to
    arrest deceased on Sunday, then they   should   find   de-
    fendant guilty of manslaughter, was erroneous.
5.  Criminal Law—Argument of   Counsel—Order.—Under   Cr.
    Code Prac. section 228, providing that if more than one
    counsel on each side argue the case they shall do so al-
    ternately, the court erred in permitting two counsel for
    the commonwealth to argue the case after the argument
    for accused was closed, over his objection.

E. P. MORROW, W. BOYD MORROW and WESLEY & BROWN for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for commonwealth.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant, John Kammerer, was a constable of Pulaski county, Ky., and had in his hands a capias pro fine issued for the arrest of William Phelps. This process had been duly and legally issued by a justice of the peace of Pulaksi county in the case of Commonwealth v. Phelps, and when it came to his hands the apeliant, as constable, undertook to execute it by arresting Phelps on Sunday at a religious baptizing in Pulaski county. When the constable laid his hand on the shoulder of Phelps and demanded that he submit to arrest under the warrant which he held for him, the latter jerked away from the officer and drew a knife, and then walked away, commanding the officer to let him alone. The officer drew his pistol and followed Phelps, demanding that he surrender. In order to frighten Phelps, the officer fired one shot into the air, whereupon Phelps stopped, and the witnesses for the Commonwealth say, in substance, that the officer took deliberate aim at Phelps and shot him through the body, from which wound he in a few hours died. The defendant testified for himself that, after the shot was fired in the air, Phelps threw his knife, which was open, at the officer, and then put his hand in his hip pocket as if to draw a pistol, whereupon the officer, believing his life in danger, fired the fatal shot. The jury upon the trial, under the indictment charging him with murder, found appellant guilty of manslaughter and

fixed his punishment at confinement in the penitentiary for 21 years. From the judgment based upon this verdict the defendant is here on appeal.

As the view which we have taken of the instructions given by the court requires the judgment to be reversed, we shall not discuss the facts of the case any further than to say that, if the evidence of the witnesses for the commonwealth is to be believed, the verdict was fully justified, and, on the other hand, if the testimony for the accused be true, he should have been found not guilty.

The learned trial court instructed the jury that the accused was a constable at the time of the killing, but was without authority to arrest the deceased on Sunday on the capias pro fine he then had against him. This was erroneous. The capias pro fine was duly and legally issued by a justice of the peace in a proceeding charging the defendant with a breach of the peace. Section 4567 of the Kentucky Statutes (Russell's St. § 245) authorizes the execution of process on Sunday issued on a charge of a breach of the peace. Rice v. Commonwealth, 3 Bush, 14, and Watts v. Commonwealth, 5 Bush, 309.

The trial court refused to give the jury any instruction based upon the right of self-defense. It seems to us that the accused was clearly entitled to a self-defense instruction. He testified that the defendant in the capias pro fine placed his hand in his hip pocket as if to draw a pistol, and that he (the accused), believing his own life was in danger at the time, fired the fatal shot. This testimony was supported by that of other witnesses, and clearly entitled the defendant to the instruction based upon self-defense which he asked.

Instruction No. 3 should have been omitted altogether. In this instruction the jury were told that, if the accused in good faith believed that he had a right to execute the warrant on Sunday, then they should find him guilty of manslaughter. We know of no authority for such an instruction. The principles of law regulating the conduct of officers in making arrests, where the arrest is resisted, are fully laid down in the cases of Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290, and Reed v. Commonwealth, 125, Ky. 126, 100 S. W. 856, 30 Ky. Law Rep. 1212. When this case returns to the circuit court, all that will be necessary upon the next trial will be to apply the principles enunciated in these cases to the facts detailed in the case at bar.

Upon the trial in the circuit court the Commonwealth had two arguments, and the defendant only one. The court refused, upon the motion of the defendant, to require one of the counsel for the Commonwealth to precede the argument of defendant's counsel, and allowed both the counsel for the Commonwealth to argue the case after the argument for the defendant was made. This was erroneous. Section 228 of the Criminal Code of Practice provides: "If more than one counsel on each side argue the case they shall do so alternately." Upon another trial, this provision of the Code will be enforced.

Judgment reversed for further proceedings consistent with this opinion.