## Kammerer v. Commonwealth.

(Decided November 16, 1910.)

### Appeal from Pulaski Circuit Court.

1. Resistance of Arrest—Shooting by Officer.—When an officer has a warrant for the arrest of a person, and such person resists the arrest by the use or threatened use of a deadly weapon or other force or violence, the officer has the right to use such force as is necessary or such as appears to him in the exercise of a reasonable judgment to be necessary to overcome such resistance, even to the taking of the life of such person.

2. Misconduct of Attorney.—Where an attorney employed in the prosecution was guilty of improper argument, the error to be available in this court must be shown in the bill of exceptions. It is not sufficient that it appears in the motion and grounds for a new trial.

EDWIN P. MORROW, W. B. MORROW and WESLEY & BROWN for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On a former appeal a judgment sentencing the appellant to a term in the penitentiary was reversed for errors pointed out in the opinion, which may be found in 137 Ky. 315.

On a re-trial the court gave the instruction in the form indicated in the opinion supra, but it is now said that the instruction upon the subject of the rights of the accused in attempting to make the arrest, although it conforms to the one directed to be given, was not such a statement of the law as appellant was entitled to have. The instruction given by the court reads as follows:

"The court instructs the jury that at the time the defendant, John Kammerer, shot and killed the deceased, he was a constable of Pulaski county, and that it was his duty to execute the capias profine he then had in his hands against the deceased, Willie Phelps, by arresting him upon his failure to pay or replevy the same, and if you shall believe from the evidence in this case that the defendant undertook to arrest the deceased on said capias profine, and in so doing, the deceased resisted the arrest by the use or threatened use of a deadly weapon or other force or violence, then in that event the defendant had the right to use such force as was necessary or such as appeared to him in the exercise of a reasonable judgment to be necessary to overcome such resistance, even to the taking of his life; and if you shall believe from the evidence that under such circumstances the defendant took the life of the deceased, the killing was excusable, if the defendant could not otherwise overcome the forcible resistance of the deceased, or it reasonably appeared to him that he could not do so."

This instruction has been more than once approved in cases like this as will be seen from the authorities cited in the opinion supra, and we think it states the law as favorable to the appellant as he had the right to demand.

Counsel in their brief say that the court should have instructed the jury, that appellant did not have to wait until his life was in peril before shooting Phelps, but had the right to shoot him if he believed Phelps would cut him if he attempted to make the arrest. In other words, if the appellant believed and there was reasonable grounds for him to believe that his life would be in danger if he attempted to make the arrest, he had the right to use his own weapon against that in the hands of the law-breaker resisting the mandates of the Commonwealth. We do not clearly understand the distinction counsel makes between the instruction rejected and the one given. In the one given the jury was plainly told that appellant had the right to arrest Phelps and that if Phelps resisted arrest by the use of a deadly weapon or

628 KENTUCKY REPORTS. [Vol. 140.

other force or violence, then appellant had the right to use such force as was necessary or appeared to him in the exercise of a reasonable judgment to be necessary to overcome such resistance, even to the taking of the life of Phelps. It seems to us that except as to mere form of expression, the court gave to the jury an instruction in substance the same as the one requested.

It is further assigned as error that counsel employed to assist in the prosecution was guilty of misconduct in his argument to the jury. The language complained of is incorporated in the motion for a new trial, but does not appear in the bill of exceptions. We have frequently held that in order to be available in this court errors like this relied upon for reversal must appear in the bill of exceptions otherwise we cannot consider them. But aside from this the argument of counsel, although improper, was not so prejudicial as to authorize a reversal even had it been properly shown in the bill of exceptions.

Another error assigned is the testimony of R. L. Phelps relating a dying declaration made to him by the deceased. The admission of this evidence, in view of the other evidence, if error at all was harmless.

There appears no reason for disturbing the judgment and it is affirmed.