## Hatfield v. Commonwealth.

(Decided April 18, 1933.)

574

JOHN W. CAUDILL and OSCAR P. BOND for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment imposing on appellant a fine of $100 on a charge of striking and wounding with intent to kill.

Appellant was the marshal of the town of Martin, in Floyd county, and Thomas Fitzpatrick was postmaster. One evening during the month of October, 1931, there was a dance in the town. After closing his office, Fitzpatrick rode in his car to the hall where the dance was in progress. On his arrival he loaned his car to a boy, who stated that he would return it in a few minutes. According to Fitzpatrick, appellant approached him and told him that he had better go home. He replied that he was not going until he got his car. After some words appellant pulled a black-jack and beat him until he was almost unconscious. He was not drunk at the time, and appellant never told him that he was under arrest, but did tell him to go home. Though saying that he did not know who struck the first lick, he practically admitted that he struck appellant with his fist, and appellant then hit him with the black-jack. J. B. Risner testified that appellant struck Fitzpatrick several blows, then grabbed him and shoved him into the car, and kept on hitting him after he was in the car. He did not know whether Fitzpatrick hit or shoved appellant. After Fitzpatrick knocked him off, appellant got his black-jack. He did not know whether appellant was trying to arrest Fitzpatrick or not. On the other hand, appellant testified that when he arrived at the dance he found Fitzpatrick drunk. As they were friends he tried to persuade Fitzpatrick to go home so that it would not be necessary to arrest him and place him in the lockup. On Fitzpatrick's refusal to go appellant tried to induce him to get in appellant's car and let appellant take him home. Fitzpatrick again refused, whereupon appellant informed him that if he did not go home he would have to arrest him. Fitzpatrick then

lost his temper and struck appellant several blows with his fist. To repel the attack, and in his own defense, appellant struck Fitzpatrick with his billy. Fitzpatrick continued to fight, and when appellant attempted to put him in his car to take him to the lockup Fitzpatrick kicked him. About this time the witness John Risner appeared, and snatching appellant's pistol from its holster presented it on appellant and prevented him from making the arrest.

The only ground urged for reversal is that instruction No. 6 was erroneous. That instruction reads as follows:

"The Court further instructs the Jury that the defendant was a Peace Officer, a policeman of Martin, at the time and place referred to in the evidence, and had the right to arrest any person committing an offense in his presence or against whom he held a warrant for his arrest and to use such force as was necessary to effect such arrest; if the Jury believe from the evidence that at the time and on 'the occasion referred to in the evidence, the said Fitzpatrick was drunk or intoxicated 'on the public road or in a public place in the presence of defendant, and that defendant proposed to arrest him therefor, first notifying him of his purpose to do so and of the offense charged and to use such force as was necessary to effect such arrest, except he had no right to strike and kill him or to use more force than was necessary to effect such arrest, and if the Jury believe from the evidence, defendant was in good faith attempting to arrest said Fitzpatrick, and that he was drunk and that defendant used no more force than was necessary to effect such arrest, you will find defendant not guilty."

It is true that, inasmuch as section 1148a-7, Kentucky Statutes, making it a felony to disturb, hinder, obstruct, or intimidate an officer while engaged in discharging his duty as such by violence, force, or threats, was held unconstitutional, Loveless v. Commonwealth, 241 Ky. 82, 43 S. W. (2d) 348, appellant was not entitled to an instruction such as was directed to be given in Bentley v. Commonwealth, 216 Ky. 665, 288 S. W. 295, and Maggard v. Commonwealth, 232 Ky. 10, 22 S. W. (2d) 298, and to the effect that if Fitzpatrick attempted by force or violence to effect his release from appellant's cus-

tody as an officer, then he had committed a felony in appellant's presence, and appellant then had the right to arrest him and to use such force as was necessary, or appeared to him in the exercise of a reasonable discretion to be necessary, to effect the arrest or prevent his escape, even to shooting and wounding him. We find, however, that independently of that statute the court has always made a distinction between the amount of force that an officer may use where the misdemeanant merely flees to avoid arrest or to escape from custody and the amount of force that he may use where the misdemeanant resists arrest by force or violence, or being under arrest attempts by force and violence to make his escape. In the latter case the officer may use such force as is necessary, or appears to him in the exercise of a reasonable judgment to be necessary, to overcome such forcible resistance, even to the taking of life, and the officer's right is not limited to the single ground of self-defense. Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Kammerer v. Commonwealth, 140 Ky. 626, 131 S. W. 486; Smith v. Commonwealth, 176 Ky. 470, 195 S. W. 811; Donehy v. Commonwealth, 170 Ky. 474, 186 S. W. 161, 3 A. L. R. 1161. As the given instruction did not embody appellant's right to use such force as was necessary, or was believed by appellant in the exercise of a reasonable judgment to be necessary, to overcome the forcible resistance on the part of Fitzpatrick, and also told the jury in substance that appellant had no right to strike Fitzpatrick, it is at once apparent that the instruction does not conform to the principles above announced, and was therefore prejudicial. On another trial the court will give an instruction similar to that directed to be given in Stevens v. Commonwealth, supra, with such modifications as may be necessary to meet the facts of this case.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.