## Mays v. Commonwealth.

### (Decided June 21, 1935.)

ROSE & STAMPER, SHUMATE & SHUMATE, G. B. STAMPER, and L. B. SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Appellant was convicted of voluntary manslaughter and sentenced to sixteen years' imprisonment. If the testimony of the witnesses for the commonwealth is to be believed, appellant is guilty of a brutal and vicious murder. If appellant and his witnesses are to be believed, appellant was merely doing his duty as an officer and was acting in his own defense.

Appellant shot and killed Kelton Ashcraft in Beattyville on the night of October 6, 1934. Appellant's defense was that he was a deputy sheriff and also night policeman of the city of Beattyville (two inconsistent positions) on the night in question; that he arrested decedent for drunkenness; and that while under arrest decedent, together with several friends, undertook by force to effect his release. Appellant claims that he shot decedent in defense of his own life and also in the exercise of necessary force to overcome force, as a police officer preventing the threatened escape or forcible delivery of a prisoner from arrest. The commonwealth attacked the validity of appellant's qualification as a police officer and also his claim that he was a deputy sheriff. However, appellant was certainly one or the other, and entitled to the protection that the office afforded.

The trial court instructed the jury that appellant had the right to use such force as reasonably appeared necessary to effect the arrest and to overcome any force to prevent the delivery of the prisoner to the jailer. The court did not, however, tell the jury that if under these circumstances appellant shot and killed deceased, such killing was excusable. Hobson, Instructions to Juries, sec. 752. Appellant was entitled to have this thought embodied in the instruction on the facts here disclosed, and the failure so to instruct on this point was prejudicial to appellant's substantial rights. Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Ayers v. Commonwealth, 108 S. W. 320, 32 Ky. Law Rep. 1234; Hatfield v. Commonwealth, 248 Ky. 573, 59 S. W. (2d) 540.

Other questions are reserved.

Judgment reversed.