## Baker v. Commonwealth.

(Decided April 20, 1937.)

ROSE & STAMPER and L. D. LEWIS for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Under an indictment charging him with the murder of John Howard, W. H. Baker has been found guilty of voluntary manslaughter and sentenced to imprisonment for 15 years. He is appealing.

It is first argued as grounds for reversal that the court erred in summoning jurors from another county without first making a good-faith effort to procure a

jury in Leslie county. Neither party made a motion for change of venue or for a jury to be summoned from another county, but, when the jurors on the regular panel were examined, only five qualified. Of the remaining jurors it appears that two were witnesses, nine were related to deceased, two to defendants, six had opinions, two were excused on account of conscientious scruples against the death penalty, and three had heard the case discussed by witnesses. Thereupon the court directed a jury to be summoned from another county, reciting that, because of the showing made on examination of the jurors and because of relationship of deceased and the general discussion created by and resulting from the homicide, he was of the opinion that it was best to send to another county for a jury to try the case. Counsel for defendant saved exceptions to this order of the court. While the record would indicate from an examination of the jurors on the regular panel that deceased was widely related and the case was such as would create much interest and discussion, there was no showing, except as noted, that there would be any difficulty in securing a jury from Leslie county, and the question as to whether the court abused its discretion in ordering a jury to be summoned from another county is a close one. However, that question need not be determined, since the judgment must be reversed on other grounds.

Counsel for respective parties appear to be under the impression that decisions of the court on challenges to the panel and for cause, etc., are not subject to exception or to review by this court, but they overlook the amendment to section 281 of the Criminal Code by chapter 63, Acts of 1932, which makes such decisions of the lower court subject to exception and to review upon appeal.

It is next argued that the court erred in admitting incompetent evidence over objections of appellant. We have examined the evidence called in question and find, so far as the transcript shows, that no objections were made to some of it. Some of the evidence to which objection was made and exceptions saved, while immaterial, was in no wise prejudicial. There was some evidence, however, concerning purchase of liquor made by appellant and that a witness or witnesses had seen him when under the influence of liquor some time prior to

the homicide. That was improper and should not have been admitted as substantive evidence.

It is further argued that instructions V and VI are erroneous and highly prejudicial and this contention calls for a short recital of the evidence. The homicide occurred at Stinnett in Leslie county on the day of the primary election in August, 1936. According to the evidence for the commonwealth, deceased was standing talking to Skid Farmer about some school matters when appellant, who was a deputy sheriff, approached and said something to deceased about being intoxicated or ''too full,'' and took hold of his shoulder. Deceased stated that he was not intoxicated and had done nothing to be arrested for and attempted to pull away and appellant thereupon struck him with a pistol, knocking him to the ground, and took a pistol from the inside of his shirt and, as deceased was arising, fired one or more shots at him. About this time Hence Farley approached and called to appellant not to kill Howard. Whereupon appellant began firing at Farley and the latter returned the fire. Appellant continued to fire at Farley and Howard with both his pistol and the one he had taken from Howard until both of them had been killed. The evidence for appellant is to the effect that deceased was intoxicated and somewhat boisterous in his manner and that, when appellant approached him and informed him he would have to arrest him for being intoxicated, deceased forcibly and violently resisted arrest and a struggle ensued in which appellant struck deceased with his pistol; that Farley came up and fired at appellant and, while the latter was defending himself from Farley's attack, deceased grabbed him and tried to prevent him from shooting Farley. Appellant testified that it was necessary because of the interference of deceased for him to shoot both deceased and Farley to avert the impending danger to himself, and in this he is corroborated by a number of witnesses.

Instruction No. V reads:

"If the deceased, John Howard, was drunk at the time and upon the occasion mentioned in the evidence, then it was the duty of the defendant, W. H. Baker, as Deputy Sheriff of Leslie county, to arrest him and in making the arrest he had the right to use such force as was necessary to effect the arrest so as not to endanger the life or limb

of the said John Howard and if in attempting to make the arrest the deceased, John Howard, by force resisted the arrest then the said John Howard became guilty of a felony and for this the defendant, W. H. Baker, had the right to arrest him and to use such force as was necessary to effect the arrest even to the taking of human life.

"Now if you shall believe from the evidence that the deceased, John Howard, was drunk and that the defendant, W. H. Baker, attempted to arrest him therefor and that the said John Howard then by force resisted the arrest and that the killing of the said John Howard resulted under these circumstances then you will find the defendant not guilty."

Criticism is made of this instruction because in defining the right of the officer to make the arrest it did not follow the words "he had the right to use such force as was necessary" with the words, "or appeared to him in the exercise of reasonable judgment to be necessary." There is considerable confusion of opinion concerning instructions defining the right of an officer to use force in effecting an arrest or to prevent a prisoner escaping after arrested. Much of this confusion has been occasioned by section 1148a-7, Kentucky Statutes, which made it a felony to disturb, hinder, obstruct, or intimidate an officer while engaged in the discharge of his duties as such, by violence, force, or threats. Following the enactment of that statute there are a number of cases holding that, where an officer attempted to arrest a person who had committed a misdemeanor in his presence or for whom he had a warrant for a misdemeanor, and such person by force or by violence resisted the arrest or by such means attempted to effect his release from custody after arrest, he was guilty of a felony, and the officer in a case of this character would be entitled to an instruction to that effect. See Bentley v. Commonwealth, 216 Ky. 665, 288 S. W. 295, and cases therein cited. But in Loveless v. Commonwealth, 241 Ky. 82, 43 S. W. (2d) 348, where the constitutionality of that statute was first called in question, it was held that that part of it making it a felony to disturb, hinder, or intimidate an officer while discharging his duty was unconstitutional, because not coming within the purview of the title to

the act. In the more recent case of Hatfield v. Commonwealth, 248 Ky. 573, 59 S. W. (2d) 540, 541, the court, in discussing an instruction defining the force that might be used by an officer when forcibly resisted by one whom he was attempting to arrest for drunkenness, after referring to the Loveless Case and holding that the officer was not entitled to an instruction such as was directed to be given in the Bentley Case said:

"We find, however, that independently of that statute the court has always made a distinction between the amount of force that an officer may use where the misdemeanant merely flees to avoid arrest or to escape from custody and the amount of force that he may use where the misdemeanant resists arrest by force or violence, or being under arrest attempts by force and violence to make his escape. In the latter case the officer may use such force as is necessary, or appears to him in the exercise of a reasonable judgment to be necessary, to overcome such forcible resistance, even to the taking of life, and the officer's right is not limited to the single ground of self-defense. Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Kammerer v. Commonwealth, 140 Ky. 626, 131 S. W. 486; Smith v. Commonwealth, 176 Ky. [466] 470, 195 S. W. 811; Donehy v. Commonwealth, 170 Ky. 474, 186 S. W. 161, 3 A. L. R. 1161."

Stevens v. Commonwealth, supra, embodies an instruction directed to be given in the event of a retrial of the case. The Hatfield Case and cases therein cited following quoted excerpt, hold that instructions in cases of this character should embody the right of the officer to use such force as was necessary or was believed by him in the exercise of reasonable judgment to be necessary to overcome the forcible resistance of arrest, etc. It is therefore apparent that the instruction is erroneous in the particular contended for by appellant. As further appears from authorities above cited, that part of the instruction to the effect that, if Howard resisted arrest, he became guilty of a felony, should have been omitted. The instruction given in the Stevens Case with necessary changes to conform to the circumstances of this case will serve as a model for an instruction in the event of another trial.

Without entering into a discussion of instruction VI, it may be said that it should not be given, since the other instructions with instruction V corrected as above indicated will fully and properly present to the jury all issues made.

Finally, it is argued that the commonwealth's attorney and counsel employed to assist in the prosecution made prejudicial and improper remarks in their closing argument to the jury. It is complained that children of deceased were brought into the courtroom and, during the argument, counsel pointed out and referred to them feelingly and in a way calculated to prejudice the minds of the jury. Considerable latitude has been accorded to the commonwealth's attorneys in discussing the evidence and inferences to be drawn from it; and it has been held that they may condemn crime in strong terms, but it has been consistently held that they should not go outside the record and discuss matters inclined to inflame or prejudice the minds of the jurors. While some of the argument as set out in the record was improper, we doubt, if standing alone, it could be held prejudicial; however, upon objection, the court should have warned counsel to refrain from such argument and admonished the jury not to regard it.

For the reasons indicated, the judgment is reversed and cause remanded for proceedings consistent with this opinion.