## Collett v. Commonwealth.

(Decided June 22, 1937.)

ROY W. HOUSE and WM. LEWIS & SON for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Cooney Asher Collett appeals from a judgment sentencing him to life imprisonment for the murder of Willard Roberts.

Appellant's brother, Mack Asher Collett, was a deputy sheriff of Clay county. They, with Marion Combs, went to a box or pie, supper at a schoolhouse on Gilbert's creek one night in the latter part of November, 1936. When the party had closed, Stanley Bowling, who was drunk, flourished a pistol and otherwise committed a breach of the peace. Mack Collett summoned the appellant and some other men to assist him in making the arrest. It seems that Bowling quickly entered an automobile and started away and the deputy sheriff and those whom he had summoned went in pursuit. According to the evidence adduced by the Commonwealth, some one in the officer's car fired first into the other automobile ahead. It stopped and Bowling got out. About the same time the appellant alighted also and the two men exchanged a number of shots with each other. The deputy sheriff had two high-powered rifles in his car, but the appellant was the only one who did any shooting on this occasion. According to him and his witnesses a shot was fired first from Bowling's car at those in pursuit, and it was not until after both cars had stopped that the defendant fired. It appears that Bowling ran away and the others in the machine got out and surrendered. Several minutes elapsed before it was discovered that Roberts, who had been riding in the rear seat of the Bowling car, had been shot in the forehead and was dead. Evidently he was looking through the back window of the machine when a

bullet from appellant's rifle struck him. There was evidence tending to show that the appellant and those in his party were drinking and that this killing was without legal justification. But the foregoing is enough of the evidence for disposition of the point upon which a reversal of the judgment is sought, namely, that the instruction as to the right of the defendant, as a member of the deputy sheriff's posse, was prejudicially erroneous.

After defining the rights and duties of an officer relating to arresting one drunk and committing the misdemeanors of which Bowling was said to be guilty, including the authority to summon the defendant and others to assist him, and their duty to obey the command, the instruction submitted that if the jury believed that Bowling was doing any of the things stated in the officer's presence; that Mack Collett informed him that he was an officer, or otherwise Bowling knew it, and he notified Bowling of his intention to arrest him and he refused to submit or fled; and further that the officer summoned the defendant to assist in making the arrest, and they in good faith were attempting to do so, and "Bowling or any other person then present and allying with him, forcibly resisted arrest, or first fired upon or at the defendant, Cooney Asher Collett, or any person or persons then and there present, or acting with him, then, and in either of these events, the said Cooney Asher Collett, or the said deputy sheriff, or either of the other defendants who were so summoned to assist in making the arrest of said Bowling, had the right to use such force as was necessary, or reasonably appeared to him, or to them, to be necessary, but no more, to overcome the forcible resistance of the said Stanley Bowling, or those, or any of those acting with him, if any there were, under these circumstances, the defendant, Cooney Asher Collet, or any person so summoned and acting to effect said arrest, or the said deputy sheriff, Mack Asher Collett, shot and killed the deceased, Willard Roberts, or shot at the said Stanley Bowling, or any person or persons then and there acting with him, if any there was, and killed the deceased, Willard Roberts, the killing was excusable, if the said deputy sheriff, or the defendant, Cooney Asher Collett, or those acting with them, could not otherwise overcome the forcible resistance of the said

Stanley Bowling, and those acting with him, if any there was, or it reasonably appeared to them, or to him, the said defendant, that they could not do so.''

The point is made by the appellant that when Bowling fired on the officers he committed a felony and that a different rule obtains in making an arrest for a felony than for a misdemeanor; that an officer may use such force as may be necessary to effect the arrest of a felon or suspected felon even to the extent of killing him while he is not clothed with such authority in the case of the commission of a misdemeanor. Therefore, it is argued, the instruction should have submitted to the jury an opportunity for it to find that the killing of Roberts by the defendant was justifiable as being necessary or believed to be necessary in order to effect Bowling's arrest. The Criminal Syndicalism Act of 1920 (chapter 100, Acts of 1920), as is published as section 1148a-7, Statutes, has been declared unconstitutional to the extent that it undertook to make a felony out of merely intimidating an officer or obstructing him in the performance of his duty in making an arrest for misdemeanor. Loveless v. Commonwealth, 241 Ky. 82, 43 S. W. (2d) 348; Roberts v. Commonwealth, 241 Ky. 591, 44 S. W. (2d) 577. Here the resistance offered, according to the defendant's evidence, which is the criterion by which the sufficiency of the instruction is to be tested, was much more than an intimidation or obstruction and was of itself a felony. Independent of the statute, we have held that where an officer is resisted in his efforts to make an arrest he may use such force as is necessary, or appears to him in the exercise of a reasonable judgment to be necessary, to overcome such forcible resistance even to the taking of life. Hatfield v. Commonwealth, 248 Ky. 573, 59 S. W. (2d) 540; Mays v. Commonwealth, 266 Ky. 691, 99 S. W. (2d) 801. That law was given the jury in the instant case. It seems to us to have been sufficient. The defendant, as one engaged at the time in the performance of the duties of an arresting officer, according to the evidence presented in his behalf, was attempting to make an arrest and did use all the force that he possibly could in order to do so. The distinction drawn by the appellant appears to be unsubstantial under these facts. The jury did not accept his version by which he undertook to justify the killing of the man on

that account or in self-defense, but accepted the view of the Commonwealth, sustained by abundant evidence, that the killing was without legal justification or excuse.

Several questions and answers in the evidence are attacked as having been improperly admitted to appellant's prejudice. They were principally isolated leading questions, or answers bordering upon, if not in fact, conclusions of the witnesses upon immaterial things. They do not seem to be of sufficient importance to justify a recitation. Minor and unimportant errors, such as these, do not constitute a ground for reversal of a judgment.

Wherefore, the judgment is affirmed.