## Baker v. Commonwealth.

Dec. 15, 1939.

46

C. A. Noble for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

In August, 1936, two indictments were returned against W. H. Baker by the grand jury of Leslie county, one charging him with the murder of John Howard and the other charging him with the murder of Hence Farley. He was tried under the Howard indictment, convicted of the crime of manslaughter, and sentenced to a term of 15 years in the state penitentiary. The judgment was reversed, Baker v. Commonwealth, 268 Ky. 248, 194 S. W. (2d) 976, and, at a subsequent trial, Baker was acquitted. Later he was tried under the

Farley indictment, convicted of the crime of manslaughter, and his punishment fixed at confinement in the state penitentiary for a period of five years. He has appealed, and urges as grounds for reversal of the judgment errors in the admission of evidence, errors in the instructions, and improper conduct by the attorney for the Commonwealth in his closing argument to the jury.

The homicide occurred at Stinnett on the middle fork of the Kentucky River near the mouth of Greasy creek in Leslie county on the day of the primary election in August, 1936. The election was being held in a school building and a large crowd was present throughout the day. The killing occurred about 11 o'clock in the morning on a public road near the schoolhouse. There were several eyewitnesses. Appellant was a deputy sheriff and was at Stinnett on the day of the primary election for the purpose of maintaining order. The evidence for the Commonwealth tended to show that appellant assaulted John Howard, struck him on the head with his pistol, knocked him down, took Howard's pistol, and then shot Howard while the latter was on the ground or in the act of getting up. Farley, who was walking along the road a few feet away, said: "Don't shoot that boy," whereupon appellant turned and shot at Farley, and continued to shoot at him and Howard with both pistols until both Farley and Howard had been killed. The witnesses for the Commonwealth admitted that Farley fired one or two shots, but they claimed that he shot after appellant had shot at him. Appellant testified, in substance, that he attempted to arrest Howard who was drunk and disorderly; that Howard resisted arrest; and, while they were engaged in a struggle, Farley walked up and began shooting at appellant. A number of witnesses corroborated appellant in his version of the transaction, and, if their testimony is true, he shot in his necessary self-defense. There was some evidence, however, from which the jury might reasonably conclude that he acted precipitately and shot Farley when he had no reasonable grounds to believe that he was in danger of death or the infliction of some great bodily harm at the hands of either Howard or Farley, and the question of guilt therefore was one for the jury.

Necessarily, there were many references in the proof to the struggle between appellant and Howard and the shooting of the latter. It is argued that appel-

lant had been tried and acquitted of the killing of Howard, and that in his trial for the killing of Farley it was error to admit evidence of the shooting of Howard, and appellant complains particularly of the testimony of one witness for the Commonwealth who described a wound on the body of Howard and the range of the bullet. This witness also stated that one of Howard's arms was paralyzed as the result of a previous shooting. The killings occurred in the same transaction, and almost at the same instant. According to the witnesses on both sides, appellant fired first at one and then the other. The facts were so intermingled that it was impossible to separate them, and the right of Farley to intervene in the struggle between appellant and Howard and appellant's right to resist such intervention depended upon the circumstances surrounding his encounter with Howard. His theory of the case was that Howard had committed a misdemeanor in his presence by being drunk and disorderly in a public place, and also by having concealed on his person a deadly weapon, and that it was his duty as an officer to arrest Howard, and when Howard resisted to overcome such resistance and also to prevent Farley from effecting Howard's escape. The testimony to the effect that one wound on Howard's body showed that he had been shot in the neck and the bullet ranged downward and the testimony concerning his arm was competent for the purpose of contradicting appellant's claim that Howard grappled with him and that he believed, and had reasonable grounds to believe, that he was in danger of death or great bodily harm at the hands of both Howard and Farley, or that it was necessary to shoot Farley to prevent him from effecting the escape of Howard.

The instructions present a more serious question. In instruction No. 1 the court told the jury that the defendant was presumed to be innocent of every charge named and included in the indictment until his guilt had been established by the evidence beyond a reasonable doubt. Instruction No. 2 was the one customarily given on murder and manslaughter. Instruction No. 3 told the jury that if they should believe from the evidence, beyond a reasonable doubt, that the defendant was guilty but should have a reasonable doubt as to whether he was guilty of willful murder or voluntary manslaughter, they should find him guilty of the lesser offense, manslaughter. Instruction No. 4 was on self-defense, and

instruction No. 5 was the usual instruction on reasonable doubt.

None of these instructions is criticized, but, in view of instruction No. 5 on reasonable doubt, instruction No. 1 should have been omitted. Instruction 6A defined the rights and duties of appellant as an officer in making the arrest of John Howard, and concluded:

"Now, if you shall believe from the evidence that the said John Howard was drunk or intoxicated or that he with the knowledge of the defendant, H. Baker, and in the presence of the said defendant had concealed upon or about his person a deadly weapon and that then the said H. Baker demanded his arrest and informed him of his intention to arrest him and that the said John Howard then by force resisted the arrest and that the killing of the said John Howard resulted under these circumstances, then you will find the defendant not guilty."

This instruction, as a whole, would have been proper on the trial of appellant for the killing of John Howard, but on his trial for the killing of Farley the concluding words are erroneous. Even though the jury may have believed that appellant was not justified in killing Howard, yet the circumstances might have been such as to justify the killing of Farley. In lieu of the words "and that the killing of said John Howard resulted under these circumstances then you will find the defendant not guilty," the following will be added to the instructions on another trial, "and that Hence Farley intervened and shot at appellant or attempted by force to assist John Howard in resisting arrest and effecting his escape, then the said H. Baker had the right to use such force as was necessary, or as appeared to him in the exercise of a reasonable judgment to be necessary, to overcome the force exerted by Hence Farley and to prevent said Farley from effecting the escape of John Howard even to the taking of Farley's life, and if you believe that the killing of Farley occurred under these circumstances then you will find the defendant not guilty." See Johnson v. Commonwealth, 268 Ky. 555, 105 S. W. (2d) 641. In Smith v. Commonwealth, 176 Ky. 466, 195 S. W. 811, 812, it was said:

"While it is true that an officer, in arresting one guilty of misdemeanor, is never justified in killing merely to effect the arrest, or to prevent his escape

by flight, yet, if the misdemeanant be under arrest, and attempts by force and violence to overcome the officer and effect his escape, the officer's right to kill is not limited to the single ground of self-defense, but he may use such force as is necessary, or reasonably appears to him to be necessary, but no more, to overcome the forcible resistance of the prisoner; and if, under these circumstances, he shoots and kills the prisoner, the killing will be excusable if the officer could not, or it reasonably appeared to him that he could not, otherwise overcome such forcible resistance. Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Reed v. Commonwealth, 125 Ky. 126, 100 S. W. 856, 30 Ky. Law Rep. 1212. And, in our opinion, there is every reason why the same rule should apply to a third party, who is attempting by force or violence to rescue the prisoner."

In instruction 6B the court repeated the instruction on self-defense, but required the jury to believe from the evidence, beyond a reasonable doubt, that the defendant believed, and had reasonable grounds to believe, that he was then and there in danger of death or the infliction on him of some great bodily harm at the hands of Hence Farley or John Howard. This was erroneous, but, aside from that, the instruction should not have been given since the defendant's right of self-defense had been presented to the jury in another instruction. The court also gave instruction 6C in which the circumstances under which Farley might rightfully intervene in the struggle between appellant and Howard were set out. This instruction was unnecessary and tended to mislead and confuse the jury. Instructions 6B and 6C should be omitted on another trial.

Appellant complains of a number of statements made by the attorney for the Commonwealth during his closing argument to the jury. Most of them were irrelevant and some of them were obviously made for the purpose of prejudicing the minds of the jury. We are not prepared to say that, standing alone, they would authorize a reversal of the judgment, but if they are repeated on another trial and objections are seasonably made, the jury should be admonished not to consider them.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.